J-S03040-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL WHELPLEY | : | |
| | : | |
| Appellant | : | No. 1323 WDA 2019 |

Appeal from the PCRA Order Entered August 12, 2019
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000431-2008

BEFORE: McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.*

MEMORANDUM BY PELLEGRINI, J.:                    **FILED FEBRUARY 20, 2020**

Michael Whelpley (Whelpley) appeals from the order of the Court of Common Pleas of Jefferson County (PCRA court) denying his second petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  As the petition is untimely, we affirm.

We briefly recount the procedural history of this case.  On November 10, 2008, Whelpley pled guilty to two counts of Indecent Assault—Person Less Than 13 Years of Age.[1]  Following an assessment by the Sexual Offender Assessment Board (SOAB) and evidentiary hearing, the PCRA court designated

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3126(a)(7).

Whelpley as a sexually violent predator (SVP) pursuant to then-in-effect Megan's Law III.[2] On March 18, 2009, the PCRA court sentenced Whelpley to an aggregate term of one to two years of incarceration, followed by three years of probation. Because Whelpley did not file a direct appeal, his judgment of sentence became final on April 17, 2010.[3]

On February 28, 2018, Whelpley filed a Motion to Vacate an Illegal Sentence arguing that his SVP designation and registration requirements under the Sex Offender Registration and Notification Act (SORNA)[4] constituted an illegal sentence based on the decisions in **Commonwealth v. Neiman**, 84 A.3d 603 (Pa. 2013), **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), and **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017). The PCRA court denied the motion on March 2, 2018. Whelpley filed a motion for permission to appeal *nunc pro tunc* in July 2018 alleging that he was not

---

[2] 42 Pa.C.S.A. § 9791, *et seq.*, Act of Nov. 4, 2004, P.L. 1243, No. 152, effective January 24, 2005.

[3] Whelpley violated the terms of his probation, and the PCRA court revoked his probation and resentenced him to one to five years of incarceration in April 2013. Because Whelpley challenges his SVP designation and registration requirements, which arose out of his initial guilty plea and sentence and not his resentencing following revocation of probation, the resentencing hearing did not reset the clock for the purposes of determining when Whelpley's judgment of sentence became final. **See Commonwealth v. Anderson**, 788 A.2d 1019, 1021 (Pa. Super. 2001).

[4] Act of Dec. 20, 2011, P.L. 446, No. 111, amended as 42 Pa.C.S.A. §§ 9799.10-9799.41.

served with the PCRA court's order. The PCRA court denied the motion and Whelpley did not appeal.

On September 6, 2018, Whelpley filed a *pro se* PCRA petition alleging that the PCRA court's negligence prevented him from filing a timely appeal from the March 2, 2018 order, and again raising his challenge to his SVP designation and SORNA registration requirements. The PCRA court appointed counsel to represent Whelpley on his petition. Counsel filed a petition to withdraw and **Turner**/**Finley**[5] no-merit letter stating that the petition was untimely, frivolous, and that Whelpley was ineligible for relief because he was no longer serving his sentence. The PCRA court filed a notice of intent to dismiss the petition and allowed counsel to withdraw. No response was filed and the PCRA court subsequently dismissed the petition.

Whelpley filed the instant PCRA petition, his second, on June 24, 2019, again challenging his SVP designation and SORNA registration requirements. The PCRA court issued a notice of intent to dismiss on the basis that Whelpley is ineligible for PCRA relief because he is no longer serving a sentence in this case. **See** 42 Pa.C.S. § 9543(a)(1)(i). Whelpley did not file a response and

_____

[5] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. 1988) (*en banc*).

the PCRA court dismissed the petition. Whelpley timely filed a notice of appeal, and he and the PCRA court have complied with Pa.R.A.P. 1925.[6]

Before we consider the merits of Whelpley's petition, we must determine whether we have jurisdiction to do so. "A PCRA petition, including a second and subsequent petition, shall be filed within one year of the date the underlying judgment becomes final." **Commonwealth v. Graves**, 197 A.3d 1182, 1185 (Pa. Super. 2018) (citation omitted). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). As Whelpley's sentence became final on April 17, 2010, and he did not file the instant petition until June 24, 2019, his petition is untimely and he must plead and prove one of the exceptions to the PCRA's timeliness requirements.

There are three limited exceptions to the PCRA's jurisdictional time-bar:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the

---

[6] In his brief, Whelpley challenges the denials of his first motion to vacate illegal sentence, motion to appeal *nunc pro tunc*, and first PCRA petition, and contends that PCRA counsel on his first petition was ineffective. These arguments are waived, as Whelpley did not file timely notices of appeal challenging these orders. **See** Pa.R.A.P. 903(a) (stating that a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"). After the PCRA court denied his motion to vacate illegal sentence and motion to appeal *nunc pro tunc*, Whelpley elected to file his first *pro se* PCRA petition. He did not file a timely notice of appeal after the PCRA court denied the petition and granted counsel's motion to withdraw pursuant to **Turner/Finley**. Instead, he filed the instant PCRA petition.

- 4 -

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). In addition, a PCRA petitioner must present a claimed exception within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[7]

Whelpley first argues that the newly-discovered evidence exception to the time-bar under 42 Pa.C.S. § 9545(b)(1)(ii) applies because he learned of the decisions in *Neiman*, *Muniz* and *Butler* well after his convictions became final. However, "judicial decisions do not constitute new 'facts' for purposes of the newly-discovered evidence exception set forth in Section 9545(b)(1)(ii).

_____

[7] As of December 24, 2018, Section 9545(b)(2) states that any PCRA petition invoking a time-bar exception must be filed within **one year** of the date the claim first could have been presented. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective Dec. 24, 2018. The amendment applies only to claims arising on or after December 24, 2017. Whelpley's claim, however, is premised on *Neiman*, decided on December 16, 2013, *Muniz*, decided on July 19, 2017, and *Butler*, decided on October 31, 2017. Therefore, the 60-day requirement under the prior version of 42 Pa.C.S. § 9545(b)(2) was applicable. While Whelpley cites additional unpublished memoranda as the basis for overcoming the time-bar, these cases were mere applications of the decisions in *Muniz* and *Butler* and did not themselves announce any new principles of law.

New legal decisions can only overcome the PCRA's timeliness requirements in the context of Section 9545(b)(1)(iii)." *Commonwealth v. Kretchmar*, 189 A.3d 459, 467 (Pa. Super. 2018) (internal citation omitted). Therefore, Whelpley cannot rely on these decisions to overcome the time-bar pursuant to 42 Pa.C.S. § 9545(b)(1)(ii).

Whelpley also argues that the newly-recognized constitutional right under 42 Pa.C.S. § 9545(b)(1)(iii) applies based on the holdings in *Neiman*, *Muniz* and *Butler*. In *Neiman*, our Supreme Court held that legislation amending Megan's Law violated the Pennsylvania Constitution's single-subject rule. *Neiman*, *supra*, at 605. However, the court did not hold that the decision recognized a new constitutional right that applied retroactively. As a result, *Neiman* does not apply to overcome the time-bar pursuant to 42 Pa.C.S. § 9545(b)(1)(ii).

*Muniz* held that the retroactive application of SORNA's registration scheme to offenders who committed their crimes before SORNA's effective date violates the *ex post facto* clauses of the United States and Pennsylvania constitutions. *See Muniz*, *supra* at 1217. This court has already determined that *Muniz* did not establish a timeliness exception under the PCRA. *Commonwealth v. Greco*, 203 A.3d 1120, 1124 (Pa. Super. 2019) (citing *Commonwealth v. Murphy*, 180 A.3d 402, 405 (Pa. Super. 2018), *appeal denied*, 195 A.3d 559 (Pa. 2018)). Similarly, *Butler* held that SVP designations pursuant to SORNA were unconstitutional in light of *Muniz*

because they increased an offender's punishment under the statute based only on clear and convincing evidence. *Butler, supra*, at 1217-18. However, *Butler* was a decision of this court, and the Supreme Court has not subsequently held that *Butler* recognized a new constitutional right that applies retroactively. *See* 42 Pa.C.S. § 9545(b)(1)(iii) (stating that the exception applies when "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and **has been held by that court** to apply retroactively" (emphasis added)).

Because Whelpley cannot establish an exception to the PCRA's timeliness requirements based on *Neiman*, *Muniz* or *Butler*, we lack jurisdiction to consider the merits of his claims.[8]

Order affirmed.

_____

[8] Even if Whelpley's claim was not time-barred, he would be ineligible for relief because he is no longer serving a sentence in this case. To be eligible for PCRA relief, a petitioner must, at the time relief is granted, be "currently serving a sentence of imprisonment, probation or parole" for the crime for which he seeks relief. 42 Pa.C.S. § 9543(a)(1)(i). As the PCRA court noted, Whelpley's one to five year sentence following the revocation hearing expired no later than April 2018, approximately two months before he filed the instant petition, and he is ineligible for relief. *See Commonwealth v. Kirwan*, 221 A.3d 196 (Pa. Super. 2019).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/20/2020