J. S37041/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| KENDALL GARLAND, | : | No. 1046 EDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order Entered March 15, 2019,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0804261-2001

BEFORE:  SHOGAN, J., NICHOLS, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED OCTOBER 15, 2020**

Kendall Garland appeals **pro se** from the March 15, 2019 order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, on the basis he lacked standing because he had completed serving his sentence.  After careful review, we affirm.

The relevant facts and procedural history of this case are as follows: Appellant pled guilty to aggravated indecent assault and corruption of minors[1] in connection with his sexual assault of a ten-year-old girl.  On August 7, 2002, the trial court sentenced appellant to an aggregate term of two to six years' imprisonment, followed by nine years' reporting probation.

---

[1] 18 Pa.C.S.A. §§ 3125(b) and 6301(a), respectively.

Appellant did not file a direct appeal. Between 2003 and 2013, appellant filed a series of PCRA petitions, all of which were unsuccessful.[2]

On May 30, 2014, the trial court found appellant in violation of the terms of his probation, revoked his probation, and resentenced him to an aggregate term of one to two years' imprisonment, followed by five years' reporting probation. On February 27, 2017, a panel of this court affirmed appellant's judgment of sentence, and appellant did not seek allowance of appeal with our supreme court. **See Commonwealth v. Garland**, 161 A.3d 389 (Pa.Super. 2017) (unpublished memorandum). Thereafter, on April 6, 2018, the PCRA court granted appellant relief under the PCRA, vacating his sentence and terminating his probation and sex offender registration requirements under SORNA,[3] pursuant to **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), **cert. denied**, ___ U.S. ___, 138 S.Ct. 925 (2018). (PCRA court order, 4/6/18; **see also** PCRA court opinion, 6/22/18 at unnumbered 1.)

On August 16, 2018, appellant filed a petition for **habeas corpus**, which the PCRA court properly treated as a PCRA petition. Therein, appellant argued that his prior PCRA counsel was ineffective and challenging the sex offender registration requirements imposed upon him in connection with his 2002 conviction. On March 15, 2019, the PCRA court dismissed appellant's petition

---

[2] The record reflects that appellant was represented by counsel during the course of his first PCRA petition.

[3] Sex Offender Registration and Notification Act, 42 Pa.C.S.A. § 9799.10 **et. seq.**

for lack of standing because he was no longer serving a sentence of imprisonment, probation, or parole. This timely appeal followed.[4]

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

Instantly, the PCRA court found that, when appellant filed the instant PCRA petition on August 16, 2018, he was no longer serving a sentence of imprisonment, probation, or parole at the above docket number. (*See* PCRA court opinion, 6/19/19 at 2.) Appellant does not dispute this fact but, rather, attempts to raise a litany of substantive issues that are otherwise precluded by the PCRA court's lack of jurisdiction. (*See* appellant's brief at 2.) This court has long recognized that,

> to be eligible for relief under the PCRA, the petitioner must be "currently serving a sentence of

---

[4] The PCRA court did not order appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). On June 19, 2019, the PCRA court filed a two-page Rule 1925(a) opinion.

> imprisonment, probation or parole for the crime." 42 Pa.C.S.A. § 9543(a)(1)(i). As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition.

*Commonwealth v. Williams*, 977 A.2d 1174, 1176 (Pa.Super. 2009) (case citations and internal quotation marks omitted), *appeal denied*, 990 A.2d 730 (Pa. 2010).

Similarly, in *Commonwealth v. Kirwan*, 221 A.3d 196 (Pa.Super. 2019), a panel of this court held that a petitioner who challenged the requirement that he register as a sexually violent predator under SORNA was ineligible for PCRA relief because he was "not currently imprisoned, on probation or on parole." *Id.* at 200. The *Kirwan* court further explained:

> [T]he fact that the Supreme Court in *Muniz* declared that SORNA's registration requirements constituted punishment, does not affect our decision. While the *Muniz* Court found the registration requirements of SORNA were "akin to probation" for purposes of determining whether the requirements were punitive, the Court did not determine the registration requirements constitute a "sentence of . . . probation" for purposes of PCRA eligibility. The language of the statute clearly states that only the sanctions of imprisonment, probation and parole are "sentences" for eligibility purposes.

*Id.* (citations and footnotes omitted).

Based on the foregoing, we find that the PCRA court correctly held that appellant was ineligible for relief and dismissed his petition for lack of standing.

Order affirmed.

J. S37041/20

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 10/15/2020*