J. S06035/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                          :            PENNSYLVANIA
                      v.               :

LEWIS BROWN,                 :         No. 596 EDA 2018
                                      :
           Appellant     :

Appeal from the Judgment of Sentence, October 25, 2012,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0003952-2012

BEFORE:  LAZARUS, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED DECEMBER 1, 2020**

Lewis Brown appeals ***nunc pro tunc*** from the October 25, 2012 judgment of sentence entered by the Court of Common Pleas of Philadelphia County following his conviction of aggravated assault and simple assault.[1] After careful review, we affirm.

The following procedural history can be gleaned from the certified record:  The Commonwealth charged appellant with, ***inter alia***, aggravated assault and simple assault as the result of an incident that took place on February 15, 2012, at the Curran Fromhold Correctional Facility in Philadelphia.  On October 25, 2012, appellant pleaded guilty to the aforementioned offenses.  After accepting appellant's guilty plea, the trial

---

[1] 18 Pa.C.S.A. §§ 2702(a)(3) and 2701(a), respectively.

court sentenced appellant to a term of 2-4 years' imprisonment, to be followed by one year of probation. Appellant did not file any post-sentence motions, nor did he file a direct appeal.

On December 20, 2012, appellant filed a *pro se* petition pursuant to the Post-Conviction Relief Act ("PCRA").[2] On November 5, 2013, the PCRA court appointed David Rudenstein, Esq., to represent appellant. Attorney Rudenstein filed a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (**en banc**), on January 25, 2017, along with an accompanying motion to withdraw as counsel.

The PCRA court filed a notice of intent to dismiss appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907 on April 6, 2017. On June 19, 2017, upon learning that trial counsel failed to file a direct appeal despite being requested to do so, Attorney Rudenstein filed an amended PCRA petition on appellant's behalf. On January 22, 2018, the PCRA court reinstated appellant's direct appellate rights *nunc pro tunc*. Appellant filed a timely notice of appeal on February 21, 2018. The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) and appellant timely complied. The trial court subsequently filed an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issue for our review:

---

[2] 42 Pa.C.S.A. §§ 9541-9546.

> Should [appellant] be entitled to withdraw his plea and go to trial or, in the alternative, have his case remanded to the trial/PCRA court for a full evidentiary hearing, where his guilty plea was not rendered in a knowing, intelligent and voluntary fashion and where his trial attorney failed to file a requested appeal?

Appellant's brief at 3 (extraneous capitalization omitted).

In his brief, appellant raises the issue of whether his guilty plea was knowing, intelligent, and voluntary; however, he does so by way of a claim of ineffective assistance of counsel. (**See** appellant's brief at 6-10.) Put another way, appellant avers that his guilty plea was involuntary due to ineffective assistance on the part of his trial counsel.

As a general rule, ineffective assistance of counsel claims can only be raised on collateral review. **Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013). Even in cases where **nunc pro tunc** relief is granted, this court has stated that ineffective assistance of counsel claims may be raised by filing another PCRA petition following the disposition of the **nunc pro tunc** direct appeal. **Commonwealth v. Fransen**, 986 A.2d 154, 158 (Pa.Super. 2009), citing **Commonwealth v. Liston**, 977 A.2d 1089, 1094 (Pa. 2009).

Our supreme court identified three exceptions to the general rule prohibiting the consideration of ineffective assistance of counsel claims on direct appeal. As summarized by our supreme court, the first two exceptions to the general rule are as follows:

> The first exception [] affords trial courts discretion to entertain ineffectiveness claims in extraordinary circumstances where a discrete claim of trial counsel

> ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interest of justice. [**Holmes**, 79 A.3d at 563.] The second exception [] gives trial courts discretion to address ineffectiveness claims on post-sentence motions and direct appeal if there is good cause shown and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review of his conviction and sentence. **Id.** at 564.

**Commonwealth v. Delgros**, 183 A.3d 352, 360 (Pa. 2018). In **Delgros**, our supreme court recognized a third exception, holding that a defendant may raise an ineffective assistance of counsel claim in cases where he or she would be statutorily precluded from raising an ineffectiveness claim on collateral review. **Id.** at 361. The **Delgros** court, however, limited its holding to cases in which the defendant has raised ineffective assistance of counsel claims in post-sentence motions. **Id.** at 362-363; **see also Commonwealth v. Whitehead**, 2020 WL 119661 at *2 (Pa.Super. filed January 10, 2020) (unpublished memorandum).

The instant case is distinguishable from **Delgros**. In **Delgros**, our supreme court was considering a case where the defendant was convicted of receiving stolen property and was sentenced to pay a fine and restitution. **Delgros**, 183 A.3d at 354. The defendant filed post-sentence motions alleging ineffective assistance of counsel. **Id.** Based on the plain language of the PCRA, the defendant would never be eligible for relief under the PCRA because he would never serve a sentence of imprisonment, probation, or

parole as a result of his conviction of receiving stolen property. *See* 42 Pa.C.S.A. § 9543(a)(1)(i).

Here, appellant was sentenced to 2-4 years' imprisonment on October 25, 2012. On December 20, 2012, appellant filed a timely PCRA petition. The PCRA court took no final action on appellant's petition until January 22, 2018, when it reinstated appellant's direct appellate rights *nunc pro tunc*. While appellant's PCRA petition was pending before the PCRA court, his October 25, 2012 sentence expired, thereby statutorily precluding appellant from collateral relief.[3] Therefore, based on the unique procedural posture of this case, we shall review appellant's ineffective assistance of counsel claim on its merits.

On appeal, appellant contends that his guilty plea was not voluntary because his trial counsel "did not adequately consult with him" or provide discovery. (Appellant's brief at 6.)

---

[3] We recognize that appellant was not eligible for PCRA relief at the time the PCRA court granted appellant's petition to reinstate his direct appellate rights *nunc pro tunc*. *See* 42 Pa.C.S.A. § 9543(a)(1)(i); *Commonwealth v. Rivera*, 802 A.2d 629, 633 (Pa.Super. 2002) (holding that a petition to reinstate direct appellate rights *nunc pro tunc* must be raised within a PCRA petition). This court has noted that the eligibility requirements under the PCRA do not raise a jurisdictional question. *Commonwealth v. Fields*, 197 A.3d 1217, 1223 (Pa.Super. 2018) (*en banc*) (plurality), *appeal denied*, 206 A.3d 1025 (Pa. 2019); *see also Commonwealth v. Kirwan*, 221 A.3d 196, 199 n.9 (Pa.Super. 2019). Because appellant's eligibility for relief, or lack thereof, does not implicate the jurisdiction of this court, and because the PCRA court's order granting appellant's petition to reinstate his direct appellate rights *nunc pro tunc* is not before us, we shall proceed to review appellant's issue on its merits.

We presume counsel is effective. ***Commonwealth v. Cox***, [] 983 A.2d 666, 678 ([Pa.] 2009). To overcome this presumption, "a [defendant] must show underlying claim has arguable merit, counsel's actions lacked any reasonable basis, and counsel's actions prejudiced the [defendant]." ***Commonwealth v. Escobar***, 70 A.3d 838, 841 (Pa.Super. 2013) (citing ***Commonwealth v. Cox***, [] 983 A.2d 666, 678 ([Pa.] 2009).) "Prejudice means that, absent counsel's conduct, there is a reasonable probability the outcome of the proceedings would have been different." ***Id.*** A claim will be denied if the [defendant] fails to meet any one of these prongs. ***See*** [***Commonwealth v.***] ***Jarosz***, 152 A.3d [344,] 350 [(Pa.Super. 2016)] (citing ***Commonwealth v. Daniels***, [] 963 A.2d 409, 419 ([Pa.] 2009)).

"[A] criminal defendant's right to effective counsel extends to the plea process, as well as during trial." [***Commonwealth v.***] ***Wah***, 42 A.3d [335,] 338 [(Pa.Super. 2012)] (citations omitted). . . . "[A]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused [the defendant] to enter an involuntary or unknowing plea." [***Commonwealth v.***] ***Fears***, 86 A.3d [795,] 806-807 [(Pa. 2014)] (citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." ***Wah***, 42 A.3d at 338-3[3]9 (citations omitted).

"[T]o establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." ***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa.Super. 2013) (citations and internal quotation marks omitted). This is not a stringent requirement. ***Id.*** The reasonable probability test refers to "a probability sufficient to undermine confidence in the outcome." ***Id.*** (citations omitted).

***Commonwealth v. Velazquez***, 216 A.3d 1146, 1149-1150 (Pa.Super. 2019). Further, a defendant must satisfy all three prongs of the test for ineffective assistance of counsel as set forth in ***Velazquez*** and ***Escobar***. "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." ***Commonwealth v. Gribble***, 863 A.2d 455, 460 (Pa. 2004); ***see also Commonwealth v. Morrison***, 878 A.2d 102, 104-105 (Pa.Super. 2005) (***en banc***), ***appeal denied***, 887 A.2d 1241 (Pa. 2005).

In his brief, appellant, through his counsel, admits the following:

> The undersigned well recognizes that [appellant] did participate in an on-the-record guilty plea colloquy, with [a] written guilty plea colloquy provided to the judge. If the colloquy is looked at upon its face, [appellant's] claims would seem to not be meritorious. However, [appellant] has still claimed that trial counsel was ineffective and that he was pressured/coerced into taking the open plea.

Appellant's brief at 6 (extraneous capitalization and citation omitted).

At no point, however, does appellant aver that but for his plea counsel's errors and alleged ineffectiveness, he would not have pleaded guilty and would instead have insisted on going to trial. ***See Barndt***, 74 A.3d at 192. Accordingly, appellant has not satisfied the prejudice prong of the test set forth in ***Velazquez***, and his claim must be rejected. ***See Gribble***, 863 A.2d at 460.

Judgment of sentence affirmed.

Lazarus, J. and McLaughlin, J concur in the result.

J. S06035/20

Judgment Entered.

_____

JosephD.Seletyn,Esq.
Prothonotary


Date: <u>12/01/2020</u>