J-S33026-19

2019 PA Super 311

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PATRICK BRIAN KIRWAN | : | |
| | : | |
| Appellant | : | No. 1789 MDA 2018 |

Appeal from the Order Entered September 28, 2018
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000188-2010

BEFORE: LAZARUS, J., OTT, J., and FORD ELLIOTT, P.J.E.

OPINION BY OTT, J.: **FILED: OCTOBER 16, 2019**

Patrick Brian Kirwan appeals from the order entered September 28, 2018, in the Adams County Court of Common Pleas, dismissing his first petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Kirwan seeks relief from the judgment of sentence of an aggregate term of nine months' to 23 months', 29 days' imprisonment, and five years' concurrent probation, imposed on September 20, 2012, following his guilty plea to two counts of indecent assault of a minor under the age of 13.[2] Specifically, Kirwan challenges the requirement he register as a sexually violent predator ("SVP") under the Sexual Offender Registration and

---

[1] **See** 42 Pa.C.S. §§ 9541-9546.

[2] **See** 18 Pa.C.S. § 3126(a)(7).

Notification Act ("SORNA"),[3] for an offense committed prior to SORNA's effective date. Because we conclude Kirwan is ineligible for PCRA relief, we affirm the order on appeal.

The facts underlying Kirwan's conviction are well-known to the parties, and not relevant to the issues on appeal. In summary, Kirwan was charged in April of 2010 with two counts each of aggravated indecent assault, indecent assault, and corruption of minors,[4] for his sexual assault of two minor victims, one in January of 2002, and the other in August of 2005. On July 25, 2011, Kirwan entered a guilty plea to two counts of aggravated indecent assault. However, the trial court subsequently granted Kirwan's pre-sentence motion to withdraw his plea. Thereafter, on April 2, 2012, Kirwan entered an open guilty plea to two counts of indecent assault under Section 3126(a)(7). The trial court ordered an assessment by the Sexual Offenders Assessment Board to determine if Kirwan met the criteria for classification as an SVP.[5] At the

---

[3] **See** 42 Pa.C.S. § 9799.10 *et seq*.

[4] **See** 18 Pa.C.S. §§ 3125(a)(7), 3126(a)(7), and 6301(a)(1), respectively.

[5] We note that Megan's Law II was in effect at the time Kirwan committed his first offense. **See** 42 Pa.C.S. §§ 9791-9799.7. Megan's Law III was enacted in 2004, effective August 1, 2005, and therefore, governed Kirwan's second offense. **See** 42 Pa.C.S. §§ 9791-9799.9. That statute remained in effect until it expired and was replaced by SORNA, effective December 20, 2012. **See** Act 152 of 2004; 42 Pa.C.S. §§ 9799.10-9799.42. Subsequently, a panel of this Court in **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017), *appeal granted*, 190 A.3d 581 (Pa. 2018), determined that the SVP assessment subsection in SORNA - 42 Pa.C.S. § 9799.24 - was unconstitutional. In response, the Legislature amended SORNA in February

September 20, 2012, sentencing hearing, the court determined that Kirwan did meet the criteria for classification as an SVP, and sentenced him to a term of nine months' to 23 months', 29 days', imprisonment with five years' concurrent probation, on one count of indecent assault, and a concurrent term of five years' probation on the second count of indecent assault. No direct appeal was filed. On December 22, 2016, Kirwan's probation was revoked as a result of an admitted violation, and he was resentenced to two concurrent terms of four months to nine months' partial confinement. On September 29, 2017, Kirwan completed serving his sentence and was released from parole.

On March 13, 2018, Kirwan filed the present, counseled PCRA petition, in which he argues he is entitled to PCRA or *habeas corpus* relief based upon this Court's decision in **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017), *appeal granted*, 190 A.3d 581 (Pa. 2018). In **Butler**, a panel of this Court concluded that SORNA's SVP assessment procedure, set forth in Section 9799.24, is unconstitutional because it permits a trial court to increase a defendant's punishment (*i.e.*, impose sexual offender registration requirements), under a standard of clear and convincing evidence, rather than beyond a reasonable doubt. **See id.** at 1217-1218. Kirwan requests the court remove his SVP designation because: (1) he continues to be subjected to this

---

and June of 2018. **See** Feb. 21, P.L. 27, No. 10, § 5.2, imd. effective, and reenacted 2018, June 12, P.L. 140, No. 29, § 4, imd. effective. The June amendment added Subchapter I to address those defendants, like Kirwan, who were convicted of sexual offenses committed before the enactment of SORNA.

punishment based upon his registration requirements as an SVP, and (2) the newly enacted law, Subchapter I, which now governs his registration requirements, did not resolve the unconstitutionality of the SVP standard as outlined in **Butler**. On April 27, 2018, Kirwan filed a motion to amend his petition, asserting the newly enacted law, Subchapter I, also subjects him to retroactive punishment in violation of **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017).[6]

On May 21, 2018, the PCRA court directed Kirwan to file a brief addressing the timeliness of his petition. Kirwan complied with the court's directive, and on September 28, 2018, the PCRA court entered an order denying relief.[7] This timely appeal follows.[8]

---

[6] In **Muniz**, the Pennsylvania Supreme Court held SORNA's registration provisions constitute punishment, and, therefore, the retroactive application of those provisions to offenses committed prior to SORNA's effective date (December 20, 2012), violates the ex post facto clauses of the federal and Pennsylvania constitutions. **Muniz**, **supra**, 164 A.3d at 1193.

[7] We note that although the PCRA court did not comply with the mandate of Pa.R.Crim.P. 907, and notify Kirwan of its intent to dismiss his petition without first conducting an evidentiary hearing, Kirwan has not raised the lack of Rule 907 notice on appeal. "The failure to challenge the absence of a Rule 907 notice constitutes waiver." **Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013). **See also Commonwealth v. Zeigler**, 148 A.3d 849, 852 n.2 (Pa. Super. 2016) (same).

[8] On October 26, 2018, the PCRA court ordered Kirwan to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Kirwan complied with the court's directive, and filed a concise statement on November 16, 2018.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Mitchell***, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted). Here, the PCRA court determined that Kirwan was ineligible for PCRA relief because he is no longer serving a sentence of imprisonment, probation, or parole for his crimes.[9] ***See*** PCRA Court Opinion, 9/28/2018, at 2-3. We agree.

The PCRA "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S. § 9542. In order to be eligible for relief under the Act, a petitioner must, initially, plead and prove by a preponderance of the evidence:

That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

    (i) currently serving a sentence of imprisonment, probation or parole for the crime;

    (ii) awaiting execution of a sentence of death for the crime;

---

[9] Alternatively, the PCRA court determined Kirwan's petition was untimely filed, and Kirwan failed to prove the applicability of any of the time for filing exceptions. ***See*** PCRA Court Opinion, 9/28/2018, at 4-6. We recognize that the timeliness of a petition implicates the court's jurisdiction, while the requirements of Section 9543 "establish only a petitioner's eligibility for post-conviction relief, and do not implicate the PCRA court's jurisdiction to act on a petition." ***Commonwealth v. Fields***, 197 A.3d 1217, 1223 (Pa. Super. 2018) (*en banc*), *appeal denied*, 206 A.3d 1025 (Pa. 2019). Nevertheless, because we agree Kirwan is statutorily ineligible for relief, we decline to address the timeliness of his petition.

(iii) serving a sentence which must expire before the person may commence serving the disputed sentence; or

(iv) has completed a sentence of imprisonment, probation or parole for the crime and is seeking relief based upon DNA evidence obtained under section 9543.1(d) (relating to postconviction DNA testing).

42 Pa.C.S. § 9543(a)(1)(i)-(iv).

Here, the PCRA court concluded Kirwan was unable to meet the eligibility requirements in Subsection 9543(a)(1) because he has served his sentence in full. *See* PCRA Court Opinion, 9/28/2018, at 2. While Kirwan does not dispute the fact that he was released from parole, he contends his registration requirements under SORNA II, "as a direct result of [his] criminal conviction for a sexual offense, undoubtedly restrict[] his liberty interests to such a substantial degree that it must fall under the jurisdiction of 42 Pa.C.S. 9543(a)(1) as a 'sentence of imprisonment, probation, or parole for the crime.'" Kirwan's Brief at 9. He insists the Pennsylvania Supreme Court, in *Muniz*, recognized "SORNA's registration requirements and probation are essentially the same in scope and consequence." *Id.* at 10. Consequently, Kirwan asserts SORNA "falls squarely within the plain meaning of 'probation,' … [and] so long as [he] is subject to SORNA II's new registration requirements, [he] is 'eligible' for relief under 42 Pa.C.S. 9543(a)[(1)](i)." *Id.* at 13.

The issue before us involves an interpretation of the PCRA's statutory eligibility requirements. As the Pennsylvania Supreme Court has explained:

It is well established that when the language of a statute is clear and unambiguous, it must be given effect in accordance with its

- 6 -

plain and obvious meaning. ***Commonwealth v. Corporan***, 531 Pa. 348, 351, 613 A.2d 530, 531 (1992); ***Commonwealth v. Kriston***, 527 Pa. 90, 94, 588 A.2d 898, 899 (1991); ***Commonwealth v. Bursick***, 526 Pa. 6, 10, 584 A.2d 291, 293 (1990); ***Commonwealth v. Bell***, 512 Pa. 334, 339–40, 516 A.2d 1172, 1175 (1986); Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b).

***Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997).

In ***Ahlborn***, the Supreme Court considered the very provision at issue herein. The petitioner had pled guilty to DUI, and completed serving his sentence before his PCRA hearing. The court dismissed his petition, finding he was no longer eligible for relief. ***See id.*** at 719. The petitioner argued that although he was released from custody, "he will continue to suffer consequences of his convictions[,]" namely the suspension of his driver's license and "the possibility of further sentencing and recidivist enhancements," such that the legislature "would not have intended that review under the PCRA would be unobtainable." ***Id.*** at 720. The Supreme Court, however, rejected this claim stating: "The search for legislative intent is at an end, however, where the language used by the legislature is clear." ***Id.***

We apply the same reasoning here. Pertinent to the facts before us, the PCRA restricts relief to those petitioners "currently serving a sentence of **imprisonment, probation or parole** for the crime[.]" 42 Pa.C.S. § 9543(a)(1)(i) (emphasis supplied). Under a plain reading of the statute, Kirwan is **not** currently imprisoned, on probation or on parole, and is, therefore, ineligible for PCRA relief.

Furthermore, the fact that the Supreme Court in *Muniz* declared that SORNA's registration requirements constituted punishment, does not affect our decision. While the *Muniz* Court found the registration requirements of SORNA were "akin to probation" for purposes of determining whether the requirements were punitive, *Muniz*, *supra*, 164 A.3d at 1213, the Court did not determine the registration requirements constitute a "sentence of … probation"[10] for purposes of PCRA eligibility. The language of the statute clearly states that only the sanctions of imprisonment, probation and parole are "sentences" for eligibility purposes. *See Commonwealth v. Kistler*, ____ A.3d ____, 2019 WL 4273907 (Pa. Super. filed 9/9/2019) (unpublished memorandum at *4 n.11).[11]

Accordingly, because we conclude Kirwan is not eligible for PCRA relief even if he could demonstrate an exception to the time-for-filing requirements,[12] we affirm the order on appeal.[13]

---

[10] *See* 42 Pa.C.S. § 9543(a)(1)(i).

[11] Although we recognize the *Kistler* decision was not a published opinion, we may cite to non-precedential decisions filed after May 1, 2019, "for their persuasive value." Pa.R.A.P. 126(b)(2). We note the *Kislter* panel came to the same conclusion as we do here, *i.e.*, that the petitioner completed serving his sentence. However, that panel also determined the petitioner did not meet any of the timing exceptions in Subsection 9454(b).

[12] *See* 42 Pa.C.S. § 9545.

[13] We note the constitutionality of SORNA II's Subchapter I is currently on appeal before the Pennsylvania Supreme Court. *See Commonwealth v. Lacombe*, 35 MAP 2018.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/16/2019