J-S01018-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER L. HAIGH | : | |
| | : | |
| Appellant | : | No. 1291 MDA 2020 |

Appeal from the PCRA Order Entered September 16, 2020
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0000716-1994

BEFORE:   LAZARUS, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McCAFFERY, J.:                    **FILED FEBRUARY 17, 2021**

Christopher L. Haigh (Appellant) appeals *pro se* from the order entered in the Cumberland County Court of Common Pleas, dismissing as untimely filed his fourth Post Conviction Relief Act Petition[1] (PCRA) without an evidentiary hearing.  Appellant challenges the application of "Megan's Law" to him as unconstitutional, and avers this petition was timely.  After careful review, we affirm.

The PCRA court summarized the facts and procedural history of this case as follows:

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[Appellant] was convicted by a jury of Involuntary Deviate Sexual Intercourse and Indecent Assault on May 23, 1995 and sentenced to 6.5 to 20 years' imprisonment on June 27, 1995.[2  Appellant] filed a direct appeal and the Superior Court affirmed the judgment on March 15, 1996.  The Pennsylvania Supreme Court denied his Petition for Allowance of Appeal on September 5, 1996.[3]

[Appellant] filed his first PCRA petition on October 16, 1998, for which the PCRA court appointed counsel and held an evidentiary hearing before ultimately denying the petition.  The Superior Court affirmed.[4]

[Appellant] filed his second PCRA petition on September 26, 2000, for which the PCRA court appointed counsel and held an evidentiary hearing before ultimately denying the petition.  The Superior Court affirmed.[5]

[Appellant] filed a third PCRA petition on March 14, 2006; the PCRA court dismissed the petition without a hearing because the claims were already litigated in the second petition and the Superior Court had already found them untimely.

Though it does not appear the following were treated as PCRA petitions, we note that [Appellant] subsequently filed a Petition for Immediate Hearing to Determine Applicability of Megan's Law

---

[2] 18 Pa.C.S. §§ 3123(a)(1)(2), 3126(a)(1).  The trial court, upon informal inquiry, informed this Court that Appellant is still serving parole for these convictions, and that parole will expire in January of 2022.  **See** 42 Pa.C.S. § 9543(a)(1)(i) (stating that to be eligible for PCRA relief, petitioner must be "currently serving a sentence of imprisonment, probation[,] or parole for the crime").

[3] **Commonwealth v. Haigh**, 688 HBG 1995 (unpub. memo.) (Pa. Super. Mar. 15 1996), *appeal denied*, 254 MDA 1996 (Pa. Sept. 5, 1996).

[4] **Commonwealth v. Haigh**, 662 MDA 1999 (unpub. memo.) (Pa. Super. Nov. 19., 1999).

[5] **Commonwealth v. Haigh**, 381 MDA 2002 (unpub. memo.) (Pa. Super. Dec. 17, 2002).

Registration Requirements, which was denied on February 7, 2008. The Honorable Edgar B. Bayley noted therein, "[t]he relief [Appellant] seeks in his petition is seemingly against the Pennsylvania State Police, a state agency, and/or Allegheny County." [Appellant] subsequently filed a similar petition, which Judge Bayley dismissed for similar reasons on August 28, 2008, noting further that at the time [Appellant] was sentenced in 1995, no Megan's Law requirement was imposed by the sentencing court. The Superior Court affirmed.[6]

[Appellant] filed his fourth PCRA, [pro se,] now before this Court on January 22, 2020. [Appellant] claims that *Commonwealth v. Muniz* requires that he be relieved of Megan's Law registration requirements on the basis that his registration violates the ex post facto clause.[ ] *See Commonwealth v Muniz*, 164 A.3d 1189 (Pa. 2017). [Appellant] also avers, as he did in his previous two petitions, that no Megan's Law registration requirements were imposed by the sentencing court but he was nonetheless required to register, and the Pennsylvania State Police refuses to remove him from the registry.[ ]

PCRA Ct. Op., 6/26/20, at 1-3 (unpaginated) (some footnotes omitted and paragraph breaks inserted). Currently, Appellant is subject to lifetime registration pursuant to Subchapter I. *See* 42 Pa.C.S. § 9799.55(b)(2)(i)(A) (relating to involuntary deviate sexual assault).

The PCRA court filed Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition and an accompanying opinion on June 26, 2020, finding the petition was untimely, and noting *Muniz* has not been held to apply retroactively. PCRA Ct. Op. at 4. Appellant filed a timely response, but the court dismissed the petition on September 16, 2020. Appellant timely filed a

---

[6] *Commonwealth v. Haigh*, 1690 MDA 2008 (unpub. memo.) (Pa. Super. Aug. 21, 2009).

notice of appeal on October 9, 2020. Appellant timely filed a concise statement or errors on appeal on October 30, 2020.

Appellant raises six issues for our review:

1. Is . . . Appellant unlawfully being forced to register under Megan's Law?[7]

2. Is this Megan's Law registration unconstitutional because it violates the [*ex post facto* c]lause of the United States Constitution?

3. Has this registration subjected Appellant to further punishment in violation of the Fifth Amendment relating to double jeopardy and Eighth Amendment relating to cruel and unusual punishment?

4. Should Appellant be removed from the Megan's Law website because it constitutes [*ex post facto*] violations?

5. Is this Megan's Law registration unconstitutional because it violates the [Fourteenth Amendment] relating to deprivation of life, liberty, or process without due process of law and denial of equal protection of the laws[?]

6. Is . . . Appellant time-barred from bringing forth this argument?

Appellant's Brief at 6.

The standard for review of PCRA petitions is well settled. "[W]e must determine whether the PCRA court's order is supported by the record and free of legal error. [W]e apply a *de novo* standard to our review of the court's legal conclusions." ***Commonwealth v. Brensinger***, 218 A.3d 440, 447 (Pa.

_____

[7] All versions of Megan's Law have expired and were replaced with SORNA in 2012. Currently, the governing law is SORNA II, amended in February and June of 2018, adding, *inter alia*, Subchapter I. ***Commonwealth v Kirwan***, 221 A.3d 196, 198 n.5 (Pa. Super. 2019) (citations omitted).

Super 2019) (*en banc*) (citations omitted). The Pennsylvania Supreme Court has previously stated:

> Under 42 Pa.C.S. § 9545,[ ] any PCRA petition, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final. This limitation is jurisdictional in nature. As we have previously explained, "jurisdictional time limits go to a court's right or competency to adjudicate a controversy." Jurisdictional time limitations are not subject to equitable exceptions and a court has no authority to extend them except as the statute permits. By placing strict time limitations on the process, it is clear that the Legislature intended that there be finality to the collateral review process.
>
> This preference for finality, however, is tempered by the insertion of three exceptions to the one-year time limitation at subsections (b)(1)(i)-(iii). These exceptions extend the one-year time limitation under limited circumstances, reflecting that the Legislature also recognized that situations might arise when the one-year time limitation must yield. The exceptions are triggered by an event that occurs outside the control of the petitioner[.]

*Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) (citations omitted). Before addressing the merits of Appellant's claims, we must first address whether the petition is timely. *See Brensinger*, 218 A.3d at 447.

Here, Appellant was sentenced on June 27, 1995, and this Court affirmed his judgment of sentence on March 19, 1996. The Pennsylvania Supreme Court denied his petition for allowance of appeal on September 5, 1996. Appellant then had 90 days, or until December 4, 1996, to seek *certiorari* with the United States Supreme Court. *See* Sup. Ct. R. 13. He did not seek *certiorari*, and thus under 42 Pa.C.S. § 9545(b)(3), his judgment of sentence became final at the expiration of his *certiorari* deadline, December

4, 1996. *See* 42 Pa.C.S. § 9545(b)(3). Appellant then generally had one year, or until December 4, 1997, to file a PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1). The instant PCRA petition was filed 22 years later, on January 22, 2020. The PCRA court filed Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition on June 26, 2020. Appellant responded to this order on July 9, 2020. The PCRA court dismissed Appellant's petition on September 16, 2020 and he filed this timely appeal.

Because the instant PCRA petition was filed on January 22, 2020, 22 years after the one year filing period, the PCRA court lacked jurisdiction to review it, unless Appellant properly invoked one of the timeliness exceptions. We look to 42 Pa.C.S. § 9545(b)(1), which provides:

**(b) Time for filing petition.**

**(1) Any petition under this** subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Appellant is time barred under this statute. However, from his argument, we infer that Appellant attempts to invoke a timeliness exception under subsections 9545(b)(1)(ii) and (iii). Appellant argues he is not time barred due to the discovery of new facts, stating "he could not have reasonabl[y] brought [these arguments] and litigated them until the most recent decisions in **Muniz**[.]" Appellant's Brief at 11. However, our Supreme Court has stated "subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA." **Commonwealth v. Watts**, 23 A.3d 980, 987 (Pa. 2011). Thus, under section 9545(b)(1)(ii), this petition is untimely.

Appellant argues his registration is "unlawful and a daily violation of his [c]onstitutionally protected rights[.]" Appellant's Brief at 8. Although he was convicted of involuntary deviate sexual intercourse and indecent assault in June 1995, "well before" the enactment of Megan's Law, Appellant argues Megan's Law did not take effect until October 1995 and furthermore, Subchapter I of SORNA cannot apply to him. Appellant's Brief at 9, 11. Appellant argues the PCRA court misapplied **Commonwealth v. Lacombe**, 234 A.3d 602 (Pa. 2020), because the defendants "in those cases were convicted [after]" Megan's Law was enacted. **Id.** at 10. Thus, Appellant believes the Pennsylvania Supreme Court held the retroactive application of

SORNA violates both federal and state constitutions and *ex post facto* laws.

*Id.*

This argument falls under section 9545(b)(1)(iii). Our Supreme Court has explained that this exception has two requirements:

> First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this court after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively.

*Commonwealth v. Abdul-Salaam*, 571 Pa. 219, 812 A.2d 497, 501 (Pa. 2002).

No relief is due under section 9545(b)(iii). In the recent decision of *Lacombe*, the Pennsylvania Supreme Court held:

> Subchapter I does **not** constitute criminal punishment, and the ex post facto claims forwarded by [the defendants] necessarily fail. *See Muniz*, 164 A.3d at 1208 ("Our decision regarding violation of [the ex post facto] clause depends on a determination of whether SORNA's retroactive application to [*Muniz*] constitutes punishment.").

*Lacombe*, 234 A.3d at 626-27 (emphasis added). The PCRA court acknowledged "the uncertainty of application of *LaCombe* to [Appellant's] claim," however, it correctly stated "[t]hese issues are not and cannot be before us for jurisdictional reasons[.]" In Re: Petitioner's Fourth Petition for Post-Conviction Relief Order of Court, 9/16/20, at 3 (unpaginated). The court further stated, "No registration requirements were imposed by the sentencing court. . . . [N]othing within our jurisdiction exists which we could modify,

such as a sentencing order or any other court order, and thereby remove [Appellant's] registration requirements." ***Id.*** at 1 (unpaginated).

We agree with the PCRA court that Appellant's instant petition is untimely and does not meet any timeliness exceptions. Moreover, this Court previously determined the Cumberland County Court of Common Pleas lacks jurisdiction over this matter. ***See*** 42 Pa.C.S. § 761(a)(1), (b) (vesting original and exclusive jurisdiction in the Commonwealth Court over actions "[a]gainst the Commonwealth government, including any officer thereof, acting in his official capacity"); ***Haigh***, 1690 MDA 2008 (unpub. memo. at 3) (stating "The appropriate defendant is the Commissioner of the Pennsylvania State Police. Accordingly, subject matter jurisdiction lies with the Commonwealth Court, not a court of common pleas.").

Therefore, because Appellant failed to prove the applicability of one of the PCRA timeliness exceptions, we affirm the order dismissing his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/17/2021