J-S09019-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMILAH BALDWIN | : | |
| | : | |
| Appellant | : | No. 2834 EDA 2019 |

Appeal from the PCRA Order Entered September 12, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0012232-2015

BEFORE: OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY McCAFFERY, J.:          **FILED: APRIL 23, 2021**

Jamilah Baldwin (Appellant) appeals the order entered in the Philadelphia County Court of Common Pleas denying her first petition filed pursuant to the Post Conviction Relief Act (PCRA). Appellant seeks relief from the judgment of sentence of an aggregate three years' probation imposed on January 13, 2017, following her non-jury conviction of aggravated assault[1] and related offenses. Appellant also filed, in this Court, an application for remand, seeking permission to file an amended PCRA petition. Because Appellant is no longer serving a sentence for her convictions, she is no longer eligible for PCRA relief. Accordingly, we affirm the order on appeal and deny her application for remand.

_____

[1] 18 Pa.C.S. § 2702(a)(4).

The facts underlying Appellant's convictions were summarized by this Court in a prior decision as follows:

> In October 2015, Appellant was having an affair with Philadelphia Police Sergeant Robert Billups ("Mr. Billups"), who was married to Audrey Billups ("Mrs. Billups"), also a Philadelphia police officer. Mrs. Billups was standing outside of the home that she and Mr. Billups shared, when Appellant stopped her car in front of the home and asked Mrs. Billups where Mr. Billups was. Mrs. Billups, who had recently completed her shift at the Philadelphia Police Department, was still in her uniform and armed with her service weapon at the time of this interaction. Mrs. Billups responded that Mr. Billups was probably located in the house, went inside the house, and told Mr. Billips to come outside to see why Appellant was at the house. Mrs. Billups and Appellant exchanged words before Mr. Billups arrived outside. Mrs. Billups called a police supervisor to come to the scene.
>
> As Appellant and Mrs. Billups exchanged more words, Appellant asked whether Mrs. Billups had called the police. When Mrs. Billups confirmed that she had in fact called the police, Appellant responded that Mrs. Billups would "need [the police] because I'm about to light this block up." Mrs. Billups responded by patting her service weapon and stating that she did not need the police, that she could protect herself. Mr. Billups then removed Mrs. Billups' service weapon from her possession.
>
> Appellant and Mrs. Billups approached each other, and Mrs. Billups felt Appellant strike her with something hard on her side and on the back of her head. Mrs. Billups then began punching Appellant with a closed fist. When the women separated, Appellant threw a rock in a sock at Mrs. Billups, but missed. As police arrived at the scene, Appellant entered her vehicle and attempted to drive away; however, she was stopped by police. As a result of the confrontation, Mrs. Billups required three stitches for one laceration on her head and four stitches for a second laceration on her head.

*Commonwealth v. Baldwin*, 601 EDA 2017 (unpub. memo. at 1-2).

Appellant was charged with aggravated assault, simple assault, recklessly endangering another person (REAP), and possessing an instrument

of crime (PIC).[2]  The case proceeded to a non-jury trial.  On January 13, 2017, the trial court found Appellant guilty of aggravated assault, under subsection (a)(4), and simple assault, and not guilty of REAP and PIC.  That same day, the court sentenced Appellant to two concurrent terms of three years' probation.

Appellant filed a timely direct appeal.  Sometime thereafter, new, privately retained counsel, Norris Gelman, Esq., entered his appearance.  On March 2, 2018, this Court affirmed the judgment of sentence, concluding all of Appellant's issues were waived or meritless.  *See Baldwin*, 601 EDA 2017 (unpub. memo. at 4-6) (concluding (1) recusal issue waived because Appellant never requested trial court recuse itself; and (2) sufficiency challenge to aggravated assault under Section 2702(a)(1) and (a)(2) waived and meritless because Appellant was convicted only of Section 2702(a)(4)).

Attorney Gelman filed a timely PCRA petition on October 29, 2018, asserting trial counsel's ineffectiveness for failing to seek recusal of the trial court.  Following the issuance of Pa.R.Crim.P. 907 notice, the PCRA court denied Appellant's petition as meritless on September 12, 2019.  This timely appeal followed.[3]  On January 1, 2021, Appellant, represented by new

---

[2] *See* 18 Pa.C.S. §§ 2702(a)(1), (4); 2702(a)(1), (2), (3); 2705; and 907, respectively.

[3] The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

counsel,[4] filed an application for remand, seeking permission to file an amended PCRA petition to assert the ineffective assistance of direct appeal counsel.[5] On February 28, 2021, this Court entered an order deferring Appellant's application for remand to the merits panel.

Appellant sets forth the following issues in her brief:

1) Was trial counsel ineffective for failing to raise an objection and ask for a mistrial over the trial court's clear bias for the testimony of the complainant . . . because she was a police officer?

2) Was appellate/PCRA counsel ineffective for the following reasons:

A. For arguing on direct appeal, sufficiency of the evidence with regards [sic] to crimes for which . . . Appellant was not convicted of (incorrect subsections of the aggravated assault statute . . .), therefore waiving a meritorious sufficiency claim with regards [sic] to the conviction on 18 Pa.C.S.A. § 2704(A)(4);

B. For failing to include within the PCRA petition his own ineffectiveness on direct appeal (the above waiver of a meritorious claim on direct appeal), as counsel actively represented conflicting interests at the time while representing . . . Appellant on PCRA[?]

Appellant's Brief at 5.

When reviewing an order denying PCRA relief, "we examine whether the PCRA court's determination is supported by the record and free of legal error."

_____

[4] On July 14, 2020, this Court ordered the PCRA court to appoint new counsel since Attorney Gelman was deceased. Current counsel, Daniel Alvarez, Esq. was appointed on August 22, 2020.

[5] As noted *supra*, Attorney Gelman represented Appellant during her direct appeal and PCRA proceedings.

*Commonwealth v. Kirwan*, 221 A.3d 196, 199 (Pa. Super. 2019) (citation and internal punctuation omitted). Furthermore, we may affirm the PCRA court's ruling "if there is any basis on the record . . . even if we rely on a different basis" than the PCRA court. *Commonwealth v. Pou*, 201 A.3d 735, 740 (Pa. Super. 2018) (citations and internal punctuation omitted), *appeal denied*, 208 A.3d 458 (Pa. 2019).

Upon our review of the record, we conclude Appellant has failed to establish her eligibility for relief. Pursuant to the PCRA, in order to be eligible for relief, a petitioner must plead and prove that "at the time relief is granted," she is "currently serving a sentence of imprisonment, probation or parole for the crime" at issue. 42 Pa.C.S. § 9543(a)(1)(i).[6] This Court has explained:

> "As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition." "To grant relief at a time when [the petitioner] **is not currently serving . . . a sentence** would be to ignore the language of the statute."

*Commonwealth v. Tinsley*, 200 A.3d 104, 107 (Pa. Super. 2018) (citations omitted), *appeal denied*, 208 A.3d 461 (Pa. 2019). **See also Commonwealth v. Plunkett**, 151 A.3d 1108, 1112–13 (Pa. Super. 2016) (holding "the statutory requirement that a PCRA petitioner be currently serving the sentence is applicable . . . where the PCRA court's order was issued

_____

[6] We note Appellant does not meet any of the other criteria for eligibility set forth in Section 9543(a)(1). **See** 42 Pa.C.S. § 9543(a)(1)(ii)-(iv) (petitioner eligible for relief awaiting execution, "serving a sentence which must expire" before beginning to serve sentence at issue, or completed sentence, but seeking relief based upon DNA evidence pursuant to Section 9543.1).

while petitioner was still serving the required sentence, but that sentence terminated prior to the resolution of his appeal.").

Here, on January 13, 2017, Appellant was sentenced to two concurrent terms of three years' probation. Those probationary periods expired in January of 2020.[7] Thus, because Appellant is not "currently serving a sentence of imprisonment, probation or parole" for the crimes at issue, she is ineligible for PCRA relief. *See* 42 Pa.C.S. § 9543(a)(1)(i).

Order affirmed. Application for remand denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/23/21

_____

[7] The record includes a probation violation summary filed by the Adult Probation and Parole on April 16, 2018, indicating Appellant was "unsuccessfully discharged" from domestic violence treatment (a condition of her probation), and missed a scheduled office visit. Gagnon II Summary, 4/16/18, at 2 (unpaginated). However, on April 18, 2018, the trial court entered an order stating, "the Motion to Continue Probation is GRANTED. Domestic Violence supervision and conditions are VACATED." Order 4/18/18. Thus, it appears Appellant did not receive any additional probation or jail time. Moreover, PCRA counsel acknowledged by email to our Prothontary's office that it was his understanding Appellant completed serving her sentence.