J-S02017-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAUN CHRISTOPHER WILLIAMS | : | |
| | : | |
| Appellant | : | No. 1236 EDA 2020 |

Appeal from the Order Entered May 6, 2020,
In the Court of Common Pleas of Northampton County,
Criminal Division at No(s):  CP-48-CR-0000969-1998.

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:                    Filed: May 20, 2021

Shaun Christopher Williams appeals from the order denying his "Petition for Termination of Application of Sexual Offenders Registration & Notification Act [(SORNA)]" under the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  For the reasons stated below, we reverse the PCRA court's order and remand for further proceedings consistent with this memorandum.

The pertinent facts and procedural history are not in dispute.  In 1998, a jury convicted Williams of sexual assault, graded as a felony of the second-degree.  Thereafter, the trial court sentenced Williams to a term of four to ten years of imprisonment.  At the time he committed his crime, Williams was not subject to any sexual offender registration requirements.  While still serving this sentence, however, Megan's Law II was enacted, requiring Williams to register as a sex offender for ten years.

Thereafter, Megan's Law III was enacted. That law was in effect at the time Williams was released from prison on March 4, 2008. Under Megan's Law III, Williams was subject to lifetime registration.

In 2012, SORNA was enacted. Under SORNA, Williams was deemed a Tier III offender and remained subject to a lifetime registration requirement.

In 2017, the Pennsylvania Supreme Court found that because SORNA's registration provisions were punitive in nature, application of them to persons who committed crimes prior to SORNA's enactment violated the *ex post facto* clause of the Pennsylvania constitution. **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017).[1] In response, the Pennsylvania legislature enacted SORNA II. Subchapter I of SORNA II applies to Williams, because he was "convicted of a sexually violent offense on or after April 22, 1996, but before December 20, 2012, whose period of registration . . . has not expired; or whose registration requirements under a former sexual offender registration law have not expired[.]" 42 Pa.C.S.A. § 9799.52.

Beginning on June 20, 2019, Williams filed two *pro se* petitions in which he sought to terminate his registration requirements under SORNA II. On

_____

[1] In 2015, the Commonwealth charged Williams with violating SORNA's registration requirements. A jury convicted Williams and he was sentenced to an aggregate term of 99 to 360 months in prison. On October 4, 2017, we vacated Williams convictions and sentence based upon **Muniz**. **See Commonwealth v. Williams**, 179 A.3d 535 (Pa. Super. 2017) (unpublished memorandum).

December 9, 2019, the trial court appointed counsel, who filed the petition to terminate at issue. The trial court treated the petition under the PCRA and dismissed it given its conclusion that he was ineligible for relief under that statute because he was no longer serving his sentence. *See Commonwealth v. Greco*, 203 A.3d 1120 (Pa. Super. 2019); *Commonwealth v. Kirwan*, 221 A.3d 196 (Pa. Super. 2019).

This timely appeal followed. Both Williams and the trial court have complied with Pa.R.A.P. 1925. Williams now raises the following issues:

> I.    Whether the [trial] court erred in concluding that it was without jurisdiction to consider the Petition for Termination of Application of [SORNA]?
>
> II.   Whether the [trial] court erred in failing to conclude that the registration requirements of Subchapter I are punitive and that the retroactive application violates the constitutional prohibition against ex post facto laws?
>
> III.  Whether the [trial] court erred in failing to conclude the Subchapter I cannot apply because any period of registration under prior laws already expired?
>
> IV.   Whether relief is required to eliminate internet dissemination of sex offender registration information as violative of the constitutional prohibition against ex post facto law?

Williams' Brief at 4.

We need only address Williams' first issue as we find it dispositive. In his first issue, Williams contends that the trial court erred in treating his petition under the PCRA. Whether a person's claims are cognizable under the PCRA presents question of law for which our standard of review is *de facto*,

and ours scope of review is plenary. ***Commonwealth v Smith***, 240 A.3d 657 (Pa. Super. 2020).

Recently, in ***Commonwealth v. Lacombe***, 234 A.3d 602 (Pa. 2020), our Supreme Court discussed the correct avenue to challenge a sex offender registration status and concluded that there was more than one mechanism. ***Lacombe***, 234 A.3d at 617. The High Court noted that frequent changes to the relevant statutes, along with complicated requirements and retroactive applications, made it difficult to establish a single means to challenge registration requirements that are imposed years after a defendant's judgment of sentence became final. ***Id.*** at 617-18. The Court therefore concluded: "we decline to find the PCRA, or any other procedural mechanism, is the exclusive method for challenging sexual offender statutes and we thus conclude that the trial court had jurisdiction to consider Lacombe's 'Petition to Terminate his Sexual Offender Registration.'" ***Id.*** at 618.

In ***Smith***, ***supra***, this Court recently interpreted ***Lacombe***, and held that the trial court erred when it treated a pleading seeking removal from SORNA registry requirements as an untimely PCRA petition. There, we stated:

> For these reasons, we conclude that [Smith's] Motion for Removal was not an untimely PCRA petition. His substantive claims challenging the application of Subchapter I of SORNA II's lifetime registration requirements are not cognizable under the PCRA and, thus, not subject to its time-bar. We therefore vacate the lower court's Order and remand for the court to consider his claims in the first instance.

***Smith***, 240 A.3d at 658 (footnote omitted).

- 4 -

Here, Williams was ineligible for post-conviction relief under the PCRA because he was no longer serving his sentence, and his 2019 PCRA petition would be patently untimely under that statute. Because the trial court believed it lacked jurisdiction, it did not consider the merits of Williams' substantive claims. In accordance with **Smith**, we therefore vacate the trial court's order and remand for the PCRA court to address Williams' remaining issues.[2]

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/20/21

---

[2] We note the Commonwealth concurs with this disposition. **See** Commonwealth's Brief at 4.