J-S45013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
:             PENNSYLVANIA
:
          v.                 :
:
:
:
WAYNE HARRIS                 :
:
        Appellant      :   No. 1064 EDA 2022

Appeal from the PCRA Order Entered March 25, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0015528-2008

BEFORE:  OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY OLSON, J.:        **FILED FEBRUARY 14, 2023**

Appellant, Wayne Harris, appeals from the order entered on March 25, 2022, which denied his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court ably summarized the underlying facts of this case:

> On August 26, 2008, Appellant was arrested and charged with rape, involuntary deviate sexual intercourse, unlawful contact with minors, and incest, among other offenses, following the accusation that he sexually molested his then-minor biological daughter between 1994 and 2000.  On September 14, 2010, Appellant entered a negotiated guilty plea [to] unlawful contact with minors, corruption of minors, and endangering the welfare of children.[1]  On April 8, 2011, . . . Appellant was found to be [a sexually violent predator ("SVP")] and sentenced to a negotiated term of two [to four] years' incarceration followed by eight [] years' probation. Appellant was also required . . . to undergo sex offender

---

[1] 18 Pa.C.S.A. §§ 6318(a)(1), 6301(a)(1), and 4304(a), respectively.

treatment and his probation was to be supervised by the Philadelphia Adult Probation and Parole Department's Sex Offenders Unit. [On July 8, 2013, the Pennsylvania Superior Court affirmed Appellant's judgment of sentence. ***Commonwealth v. W.H.***, 82 A.3d 1057 (Pa. Super. 2013) (unpublished memorandum) at 1-11.] . . .

Appellant began his sex offender treatment on February 25, 2013 and he was discharged unsuccessfully from treatment on January 26, 2015. This was a direct violation of his probation.

On April 8, 2015, Appellant came before [the trial court] for a probation hearing where he was found in violation, had his probation revoked, and was subsequently sentenced to six [to 24] months' incarceration followed by five [] years' reporting probation. [The Pennsylvania Superior Court affirmed Appellant's judgment of sentence on October 18, 2016. ***Commonwealth v. Harris***, 159 A.3d 45 (Pa. Super. 2016) (unpublished memorandum) at 1-9.]

Appellant filed his current [PCRA petition on] October 18, 2017, and current counsel was appointed to represent him on September 24, 2021. On November 12, 2021, [the PCRA court] heard argument[] from both the Commonwealth and [] Appellant and requested the arguments be briefed. On [March 25, 2022, the PCRA court dismissed Appellant's petition and Appellant filed a timely notice of appeal].

PCRA Court Opinion, 6/13/22, at 1-2 (some capitalization omitted).

Appellant raises one claim on appeal:

Did the PCRA court err [in] dismissing [Appellant's] PCRA petition as the crimes for which Appellant was convicted occurred between 1994 and 2000, he asserts that the reporting requirements under [Pennsylvania's Sexual Offender Registration and Notification Act ("SORNA")] subsection I are unconstitutional as applied to him, to include his "SVP" designation. Appellant asserts that the reporting requirements as applied to him are *ex post facto* and due process violations. At the time the criminal acts occurred between 1994 and 2000, the crime of unlawful contact was not a predicate offense that would trigger a "SVP" hearing,

therefore, a "SVP" hearing should never have occurred in the first place?

Appellant's Brief at 4.

We "review an order granting or denying PCRA relief to determine whether the PCRA court's decision is supported by evidence of record and whether its decision is free from legal error." *Commonwealth v. Liebel*, 825 A.2d 630, 632 (Pa. 2003).

On appeal, Appellant claims the public notification and lifetime reporting requirements that he is subject to under SORNA, as an SVP, are unconstitutional as applied to him, as "unlawful contact [with] a minor was not a triggering offense [for an SVP hearing] at the time the crimes were committed." Appellant's Brief at 22. However, as Appellant admits, he is no longer "serving a sentence of imprisonment, probation or parole" for any of the crimes for which he was convicted at this docket. *See* N.T. Oral Argument on PCRA Petition, 3/25/22, at 48 ("[Appellant's Attorney:] 'There is one thing, and I don't want to go much into it, it's just that [Appellant] is now done with his supervision. He's not on a sentence anymore.' [PCRA Court:] 'Wait, the entire sentence is done[?]' [Appellant's Attorney:] 'I don't want to – yes, he's done with his case.'"); *see also* Appellant's Brief at 14 ("Appellant is no longer serving a sentence"). Notwithstanding this fact, Appellant claims that he is entitled to PCRA relief because "he is still under the shadow of the lifetime reporting requirements as he was deemed an 'SVP' and[,] therefore, . . . he is still being punished." Appellant's Brief at 10. Appellant's claim fails.

To be eligible for relief under the PCRA:

the petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S.A. § 9543(a)(1)(i). As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition. In addition, this [C]ourt determined in **Commonwealth v. Fisher**, 703 A.2d 714 (Pa. Super. 1997), that the PCRA precludes relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence. **Id.** at 716 (citations omitted).

**Commonwealth v. Hart**, 911 A.2d 939, 941–942 (Pa. Super. 2006) (some citations omitted).[2]

On April 8, 2011, the trial court originally sentenced Appellant to serve a term of two to four years in prison, followed by eight years of probation, for his crimes. Appellant then violated his probation and, on April 8, 2015, the trial court resentenced Appellant to serve a term of six to 24 months in jail, followed by five years of probation, for his crimes. Appellant admits that, during the pendency of the post-conviction collateral relief proceedings, he

_____

[2] In relevant part, Section 9543 of the PCRA declares:

(a) General rule.--To be eligible for relief under [the PCRA], the petitioner must plead and prove by a preponderance of the evidence all of the following:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

(i) currently serving a sentence of imprisonment, probation or parole for the crime[.]

42 Pa.C.S.A. § 9543(a)(1)(i).

completed serving his probationary term at this docket. **See** Appellant's Reply Brief at 6 ("While [the PCRA] proceedings dragged on and very shortly after the PCRA petition was dismissed, [Appellant's] sentence expired"); **see also** N.T. Oral Argument on PCRA Petition, 3/25/22, at 48 (Appellant's attorney admitted that Appellant's term of probation had expired); Appellant's Brief at 14 (same). Therefore, in accordance with 42 Pa.C.S.A. § 9543(a)(1)(i) and our precedent, Appellant is no longer eligible for relief under the PCRA. Indeed, our opinion in **Commonwealth v. Kirwan**, 221 A.3d 196 (Pa. Super. 2019) is directly on point.

In **Kirwan**, the defendant was charged with committing several sexual assaults against minors. The assaults occurred in 2002 and 2005 and Kirwan pleaded guilty to committing the crimes in 2011. In 2012, the trial court found Kirwan to be an SVP and sentenced him to serve a term of incarceration. **Id.** at 197-198.

In 2018, Kirwan filed a PCRA petition and claimed that he was entitled to PCRA or *habeas corpus* relief, in part, because "Subchapter I [of SORNA] subjects him to retroactive punishment in violation of **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017)." **Id.** at 198. The PCRA court dismissed Kirwan's petition because Kirwan was "no longer serving a sentence of imprisonment, probation, or parole for his crimes," as required by Section 9543(a)(1)(i). **Id.** at 198. Kirwan appealed to this Court and, on appeal, Kirwan admitted that he had served his sentence in full. **Id.** at 199. However, Kirwan argued that he was still eligible for PCRA relief because SORNA's

registration requirements constituted continued "punishment." Specifically, Kirwan argued:

> his registration requirements under SORNA II, as a direct result of his criminal conviction for a sexual offense, undoubtedly restrict his liberty interests to such a substantial degree that it must fall under the jurisdiction of 42 Pa.C.S. § 9543(a)(1) as a sentence of imprisonment, probation, or parole for the crime. [Kirwan argued] the Pennsylvania Supreme Court, in **Muniz**, recognized SORNA's registration requirements and probation are essentially the same in scope and consequence. Consequently, Kirwan [claimed] SORNA "falls squarely within the plain meaning of 'probation,' and so long as he is subject to SORNA II's new registration requirements, he is 'eligible' for relief under 42 Pa.C.S. § 9543(a)(1)(i)."

*Id.* at 199 (some citations, corrections, and quotation marks omitted).

The **Kirwan** Court looked to the plain language of Section 9543(a)(1)(i) and rejected Kirwan's claim. We reasoned:

> the PCRA restricts relief to those petitioners "currently serving a sentence of **imprisonment, probation or parole** for the crime." 42 Pa.C.S. § 9543(a)(1)(i) (emphasis supplied). Under a plain reading of the statute, Kirwan is **not** currently imprisoned, on probation or on parole, and is, therefore, ineligible for PCRA relief.
>
> Furthermore, the fact that the Supreme Court in **Muniz** declared that SORNA's registration requirements constituted punishment, does not affect our decision. While the **Muniz** Court found the registration requirements of SORNA were "akin to probation" for purposes of determining whether the requirements were punitive, the Court did not determine the registration requirements constitute a "sentence of . . . probation" for purposes of PCRA eligibility. The language of the statute clearly states that only the sanctions of imprisonment, probation and parole are "sentences" for eligibility purposes.

- 6 -

*Id.* at 200 (footnote and some citations and corrections omitted) (emphasis in original).

*Kirwan* is on all fours with the case at bar. Therefore, in accordance with *Kirwan* (and the plain language of Section 9543(a)(1)(i)), since Appellant is not "currently serving a sentence of imprisonment, probation or parole" for his crimes, Appellant is not eligible for PCRA relief. We thus affirm the PCRA court's order.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/2023