J-S36044-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ELLIS WAYNE HESS :
:
Appellant : No. 143 MDA 2024

Appeal from the PCRA Order Entered January 8, 2024
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0001652-2019

BEFORE: LAZARUS, P.J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED: OCTOBER 22, 2024**

Appellant, Ellis Wayne Hess, appeals from the post-conviction court's

January 8, 2024 order denying his timely-filed petition under the Post

Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. On appeal, Appellant

argues that his trial counsel was ineffective for failing to call a certain witness.

After careful review, we affirm.

The facts of Appellant's underlying convictions are not germane to our

disposition of this appeal. In October of 2020, a jury convicted Appellant of

unlawful contact with a minor and endangering the welfare of a child. On

February 9, 2021, Appellant was sentenced to a term of incarceration of one

year less one day, to two years' less one day, followed by one year of

probation. Appellant was also ordered to comply with the requirements of the

Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §

9799.10 *et seq.*, for 25 years. **See** 42 Pa.C.S. § 9799.14(c)(5) (categorizing

unlawful contact with a minor as a Tier II sexual offense); 42 Pa.C.S. § 9799.15(a)(2) (directing that an individual who committed a Tier II sexual offense shall register for 25 years). Appellant filed a timely direct appeal, and after this Court affirmed his judgment of sentence on June 7, 2022, our Supreme Court denied his subsequent petition for allowance of appeal. *See Commonwealth v. Hess*, 281 A.3d 1053 (Pa. Super. 2022) (unpublished memorandum), *appeal denied*, 288 A.3d 73 (Pa. 2022).

On April 17, 2023, Appellant filed a timely, *pro se* PCRA petition. Counsel was subsequently appointed and filed an amended petition on Appellant's behalf on June 29, 2023. The PCRA court conducted an evidentiary hearing on August 2, 2023. On January 8, 2024, the PCRA court issued an order and opinion denying Appellant's petition. He filed a timely appeal, and complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court thereafter filed a Rule 1925(a) opinion indicating it was relying on the rationale set forth in its opinion accompanying the January 8, 2024 order denying Appellant's petition.

Herein, Appellant states one issue for our review:

> Whether [Appellant's] trial counsel provided ineffective assistance of counsel by failing to call a witness at trial when that uncalled witness existed prior to trial, was available and willing to testify, was known to trial counsel, and the absence of his testimony was so prejudicial as to deny [Appellant] a fair trial because the uncalled witness heard the complainant laugh as she said she made up the accusations against [Appellant] because he kicked her out of his home?

Appellant's Brief at 4.

Initially, we recognize that, "[i]n reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Kirwan**, 221 A.3d 196, 199 (Pa. Super. 2019) (quoting **Commonwealth v. Mitchell**, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted)).

Before addressing the merits of this issue, we assess the Commonwealth's claim that Appellant is ineligible for PCRA relief because he "is not currently serving a sentence." Commonwealth's Brief at 15. The PCRA mandates that, "[t]o be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence … [t]hat the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted … currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S. § 9543(a)(1)(i). Here, Appellant's maximum sentence of incarceration of two years less one day, which was imposed on February 9, 2021, was fully served on February 8, 2023. Additionally, his consecutive, one-year sentence of probation would have commenced on February 9, 2023, and expired on February 9, 2024. Consequently, the Commonwealth is correct that Appellant is no longer serving a sentence of incarceration, probation, or parole. Therefore, Appellant is now ineligible for post-conviction relief, and the PCRA court did not err in denying his petition. **See Kirwan**, 221 A.3d at 200 ("[T]he PCRA restricts relief to those petitioners 'currently serving a sentence of imprisonment, probation or parole for the crime[.]' 42 Pa.C.S. §

- 3 -

9543(a)(1)(i)….  Under a plain reading of the statute, Kirwan is not currently imprisoned, on probation or on parole, and is, therefore, ineligible for PCRA relief.") (emphasis omitted).[1]

Order affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 10/22/2024

_____

[1] We also point out that Appellant's 25-year registration requirement under SORNA does not constitute a "sentence" under section 9543(a)(1).  **See Kirwan**, 221 A.3d at 199-200 (rejecting Kirwan's argument that his SORNA registration requirement is akin to a sentence of probation and, therefore, meets the eligibility requirements of section 9543(a)(1), as "[t]he language of the statute clearly states that only the sanctions of imprisonment, probation and parole are 'sentences' for eligibility purposes").