J-A02044-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JESSEE LEE MOATS | : | |
| | : | |
| Appellant | : | No. 1006 WDA 2023 |

Appeal from the PCRA Order Entered July 19, 2023
In the Court of Common Pleas of Greene County Criminal Division at
No(s):  CP-30-CR-0000097-2019

BEFORE:  KUNSELMAN, J., MURRAY, J., and BECK, J.

MEMORANDUM BY BECK, J.:                         **FILED: March 5, 2025**

Jessee Lee Moats ("Moats") appeals from the order entered by the Greene County Court of Common Pleas dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We vacate and remand.

On February 27, 2020, a jury convicted Moats of one count each of insurance fraud and making false reports to law enforcement authorities.  On June 5, 2020, the trial court sentenced Moats to a term of incarceration of thirty days to twenty-three and one-half months for the insurance fraud conviction and a concurrent term of one year probation for the false reports conviction.  This Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal.  ***See***

_____

[1] 42 Pa.C.S. §§ 9541-9546.

*Commonwealth v. Moats*, 661 WDA 2020 (Pa. Super. Sept. 2, 2021) (non-precedential decision), *appeal denied*, 274 A.3d 717 (Pa. 2022).

On March 30, 2022, Moats filed a timely, pro se PCRA petition alleging ineffective assistance of counsel.[2]  The PCRA court did not appoint Moats counsel or conduct a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81, 82 (Pa. 1998).  Subsequently, the PCRA court denied Moats' PCRA petition.  Moats timely appealed.  Upon noticing that Moats had proceeded pro se below, this Court entered an order directing the PCRA court to clarify whether Moats was entitled to the appointment of counsel in this matter, as it was his first PCRA petition.  Order, 9/25/2023.  Specifically, we stated:

> If [Moats] was entitled to counsel and counsel was not appointed, the PCRA court shall appoint counsel to represent [Moats] and the PCRA court shall notify this Court in writing forthwith so that the July 19, 2023 order can be vacated and the matter remanded for further proceedings.  If [Moats] was not entitled to the appointment of counsel, or if [Moats] waived any right to counsel, the PCRA court shall notify this Court in writing forthwith so that the instant appeal may proceed.

*Id.*

The PCRA court responded that Moats was not indigent; however, Moats responded that he was indigent.  As a result, this Court issued another order, directing the PCRA court to hold a hearing to determine whether Moats is indigent, and if so, to appoint counsel to represent Moats.  Order, 11/27/2023. Upon determining that Moats was in fact indigent, the PCRA court appointed

---

[2] Moats' direct appeal counsel was permitted to withdraw on April 4, 2022.

counsel to represent Moats for the instant appeal. It did not, however, make any determination as to Moats' right to counsel in pursuing his PCRA petition before the court below.

Moats, through counsel, raises one issue on appeal: "Did the PCRA court err in failing to appoint counsel for [Moats] at his [PCRA] hearing?" Moats' Brief at 3. Moats argues that the PCRA court erred as a matter of law by failing to determine whether he was indigent, was entitled to appointed counsel, or properly waived his right to appointed counsel. *Id.* at 10. Moats asserts the case should be remanded to the PCRA court to make a proper determination about counsel. *Id.* at 10-11.

At the outset, we note that although Moats' sentence was less than two years, and he was sentenced on June 5, 2020, he remains eligible for PCRA relief because the record shows that he has yet to begin serving his sentence. *See* 42 Pa.C.S. § 9543(a)(1)(i) (to be eligible for PCRA relief, the petitioner must be serving a sentence of imprisonment, probation, or parole for that crime at the time relief is granted); *Commonwealth v. Kirwan*, 221 A.3d 196, 200 (Pa. Super. 2019). On June 10, 2020, the trial court originally ordered Moats to report to Greene County Prison to serve his sentence. *See* Commitment Order, 6/10/2020. At the PCRA hearing, however, the PCRA court stated that Moats "was convicted, sentenced, filed a direct appeal, was on bail, has been on bail the whole time, and when the direct appeal was -- when the Superior Court affirmed the Trial Court's decision, then [] Moats filed

a timely [PCRA petition]." N.T., 5/16/2023, at 3. Thereafter, on July 19, 2023, following the denial of his PCRA petition, the PCRA court entered an order directing Moats to report to Greene County Prison for the commencement of his sentence on October 2, 2023. PCRA Court Order, 7/19/2023. Based on this record, Moats has not completed the sentence, and therefore, he is still eligible for PCRA relief. **See Kirwan**, 221 A.3d at 199-200.

Turning to Moats' claim, the law is well settled that first-time, indigent PCRA petitioners have a rule-based right to appointed counsel. **See** Pa.R.Crim.P. 904(C) (stating that "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief."); **see also Commonwealth v. Betts**, 240 A.3d 616, 624 (Pa. Super. 2020) ("An indigent petitioner has the right to appointment of counsel to assist in prosecuting a first PCRA petition"). "The indigent petitioner's right to counsel must be honored regardless of the merits of his underlying claims, … so long as the petition in question is his first." **Commonwealth v. Kelsey**, 206 A.3d 1135, 1139 (Pa. Super. 2019) (citation omitted). A defendant can waive the right to PCRA counsel only if that waiver is "knowing, voluntary, and intelligent[.]" Pa.R.Crim.P. 121(A)(2). The judge must make that determination on the record. **Grazier**, 713 A.2d at 82.

Here, the record confirms that Moats is indigent, the current petition is his first PCRA petition, and the PCRA court did not appoint Moats counsel to prosecute his petition and/or file an amended petition if warranted. ***See, e.g.,*** N.T., 05/16/2023 at 3, 9, 10, 72 (wherein the PCRA court noted that Moats was proceeding pro se). Therefore, Moats was entitled to counsel before the PCRA court. ***See*** Pa.R.Crim.P. 904(C). That the PCRA court appointed counsel to represent Moats on appeal from the denial of his first PCRA petition does not cure this defect. ***See Betts***, 240 A.3d at 624 (noting that a first time PCRA petitioner is entitled to "competent counsel at each stage of the post-conviction review.") (citation omitted).

We therefore vacate the PCRA court's order dismissing Moats' PCRA petition and remand for further proceedings consistent with this decision.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 3/5/2025