J-S08045-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JONATHAN A. PENA CHARLES | : | |
| | : | |
| Appellant | : | No. 1465 MDA 2022 |

Appeal from the PCRA Order Entered September 21, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0004016-2013

BEFORE: OLSON, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED MARCH 30, 2023**

Appellant, Jonathan A. Pena Charles, appeals *pro se* from the dismissal of an untimely petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541, *et. seq.* His collateral review counsel petitioned to withdraw from representation under **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), because, in addition to the untimeliness of the petition and the lack of an applicable statutory exception that would permit review of the petition, Appellant was ineligible for relief under the PCRA where he was no longer serving any sentence in this case. Upon review, we affirm.

On October 26, 2015, Appellant pleaded guilty to terroristic threats, a misdemeanor of the first degree, and recklessly endangering another person,

_____

[*] Retired Senior Judge assigned to the Superior Court.

a misdemeanor of the second degree.[1]  N.T. 10/26/15, 2-4.  According to the summary of the facts accepted at the plea hearing, Appellant became involved in an altercation with occupants of another motor vehicle on or about November 7, 2013, in the City of Hazelton, and threatened a crime of violence while in possession of a handgun.  *Id.* at 6.  In exchange for the plea, the Commonwealth withdrew additional charges and recommended a negotiated sentence of concurrent probation terms of twelve months less than one day for each of the convictions.[2]  *Id.* at 2-3; Plea Agreement Form, 10/26/15, 1.

Appellant waived a pre-sentence investigation report and the parties raised no opposition to proceeding to sentencing on the date of the plea hearing.  N.T. 10/26/15, 7.  The court imposed the agreed-upon probation terms.  *Id.* at 8.  Prior to the announcement of the sentence, plea counsel explained that the particular lengths of the probation terms were intended to limit the potential immigration consequences from the plea:

> THE COURT:  What's the significance of 12 months['] probation less one day?  Explain that to me.
>
> [PLEA COUNSEL]:  Immigration issues.
>
> THE COURT:  Immigration issues?

---

[1] 18 Pa.C.S. §§ 2706(a)(1) and 2705, respectively.

[2] The withdrawn charges included two counts of simple assault, additional single counts of terroristic threats and recklessly endangering another person, and a single count of disorderly conduct.  18 Pa.C.S. §§ 2701(a)(3), 2706(a)(1), 2705, and 5503(a)(1), respectively; *see* Bill of information, printed 1/23/14, 1.

[PLEA COUNSEL]: Yes, Your Honor. He has a green card. He's a legal immigrant and that because of the immigration issues, that is the -- it will not affect his green card.

THE COURT: Commonwealth is okay with that?

[PROSECUTOR]: Yes, Your Honor.

THE COURT: Victims are okay with that?

[PROSECUTOR]: Yes, Your Honor.

*Id.* at 7. Appellant did not file post-sentence motions or a direct appeal.

More than six years later, Appellant filed a *pro se* PCRA petition, asserting, *inter alia*, that his counsel had mislead him that his plea would not "affect [him] with immigration" and that he would not have "taken the plea deal" if not for that advice. *Pro Se* PCRA Petition, 5/9/22, §§ 5(A), 5(C). Documents appended to his petition reflected that he was being ordered to appear before an immigration judge of the United States Department of Justice because of the convictions in the instant case. Notice to Appear, Department of Homeland Security, 3/5/21, attached as Exhibit A to *Pro Se* PCRA Petition, 5/9/22; Indictment for Two Counts of Hindering Removal under 8 U.S.C. § 1253, **United States v. Pena-Charles**, M.D.Pa. No. 3:22-CR-101, 3/16/22, attached to Notice to Appear, Department of Homeland Security, 3/5/21.

Following the initiation of the collateral review proceedings, PCRA counsel was appointed and filed a no-merit letter pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), along

with a petition to withdraw as counsel.[3]  Entry of Appearance, 5/26/22, 1; *Finley* Letter, 7/28/22, 1; Petition to Withdraw, 7/28/22, ¶¶ 1-2.  In the *Finley* letter, PCRA counsel noted that Appellant was ineligible for relief under the PCRA because he had finished serving his sentence in this case on or about October 25, 2016.  *Finley* Letter, 7/28/22, 2-3.

The PCRA court issued notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907 because, among other things, Appellant was no longer serving a sentence of imprisonment, probation, or parole, the petition was untimely filed, and no exceptions under the PCRA's statutory time-bar provision applied.  Rule 907 Notice, 8/29/22, ¶¶ 5-7, *citing* 42 Pa.C.S. §§ 9543(a)(1)(i), 9545(b).  Appellant filed a *pro se* motion in opposition to counsel's *Finley* letter, asserting that his plea counsel was ineffective for improperly inducing his plea, he was eligible for relief pursuant to *Padilla v. Kentucky*, 559 U.S. 356 (2010), and he was entitled to relief under the PCRA or a writ of *coram nobis*.  *Pro Se* Response to *Finley* Letter, 9/12/22, 2-3. The PCRA court dismissed the petition.  Dismissal Order, 9/21/22, 1. Appellant thereafter filed a *pro se* response to the PCRA court's Rule 907 dismissal notice, which was effectively a motion for reconsideration of the dismissal order.  *Pro Se* Response to Rule 907 Notice, 9/28/22, 1-3.  Appellant

---

[3] While PCRA counsel's name appeared as the counsel of record on the notes of testimony from the 2015 plea hearing, counsel averred that, consistent with the lower court's docket, a different attorney from the Luzerne County Public Defender's Office had represented Appellant at the plea hearing.  *Finley* Letter, 7/28/22, 2 n.1.

also filed a *pro se* notice of appeal that identified the PCRA court's Rule 907 dismissal notice as an appealable order.  Notice of Appeal, 10/3/22, 1.

The notice of appeal initiated a separate appeal docketed at 1401 MDA 2022.  In that matter, PCRA counsel filed an application to withdraw his appearance because the PCRA court's dismissal order was silent as to counsel's prior petition to withdraw as counsel.  Application to Withdraw, No. 1401 MDA 2022, 10/5/22, ¶¶ 9-10.  This Court then ordered the PCRA court to rule on the counsel withdrawal petition within a fourteen-day period.  Superior Court Order, No. 1401 MDA 2022, 10/6/22, 1.  The PCRA court complied with that directive and granted the withdrawal motion.  PCRA Court Order, 10/14/22, 1.  Appellant then timely filed a second *pro se* notice of appeal, this one identifying the PCRA court's dismissal order as the appealable order, which initiated the instant appeal.  Notice of Appeal, 10/18/22, 1.  After this Court issued a rule to show cause order concerning the duplicate appeals initiated by the separate *pro se* notices of appeal, Appellant filed a *praecipe* to discontinue the appeal at 1401 MDA 2022.[4]  Rule to Show Cause Order, No.

---

[4] This Court subsequently denied an application for the appointment of counsel and an application for reconsideration of the order denying the appointment of new counsel.  Order Denying Application for Appointment of Counsel, 11/29/22, 1; Order Denying Application for Reconsideration of Order, 12/14/22, 1.  We also note that Appellant filed a *pro se* PCRA petition that is not the subject of the instant appeal.  *Pro Se* Second PCRA Petition, 12/19/22. The lower court's docket indicates that second PCRA petition was dismissed on February 23, 2023, after a Rule 907 dismissal notice was issued on January 30, 2023.  Trial Court Docket, No. CP-40-CR-0004016-2016, entries for 1/30/23 and 2/23/23.

1401 MDA 2022, 11/2/22, 1; Praecipe to Discontinue Appeal, No. 1401 MDA 2022, 1; Discontinuance Order, No. 1401 MDA 2022, 11/10/22, 1.

Appellant presents the following question for our review:

Whether the lower court err[ed] in [dismissing] the PCRA motion, even thou[gh Appellant] agrees that this [C]ourt lacks jurisdiction on this untimely PCRA motion, by failing to acknowledge that [Appellant] has a valid claim of ineffective assistance of counsel, where plea counsel had given [Appellant] wrong advi[c]e as he was told that his plea for terroristic threats and recklessly endangering another person would have no immigration consequences; where [Appellant's] plea was unknowing and involuntary, and because of this conviction [Appellant] continues to suffer collateral consequences from this conviction as counsel['s] representation fell below standards?

Appellant's Brief at 5.

Appellant claims, as he did below, that his plea counsel improperly induced his plea by advising him that he would not be subject to deportation based on the convictions resulting from his guilty plea. Appellant's Brief at 10-11. The PCRA court dismissed his petition raising that ineffective assistance of counsel claim both because Appellant had long finished serving his sentence in this case, and thus was ineligible for PCRA relief, and because his petition was untimely filed and no statutory exceptions to the PCRA's time-bar provision applied to permit substantive review. PCRA Court Opinion, 11/3/22, 1-2; *see also* Rule 907 Notice, 8/29/22, ¶¶ 5-7. Appellant does not evaluate the PCRA court's reasons for dismissing the petition and, instead, acknowledges that "[he] is only exhausting all of his state remedies first, following the steps needed in order to seek the proper remedy needed in a

federal court." Appellant's Brief at 11. We agree with the PCRA court's assessment that Appellant is ineligible for relief under the PCRA.

Preliminarily, we note our well-settled standard of review in an appeal stemming from a PCRA petition's dismissal: "[w]e review a ruling by the PCRA court to determine whether it is supported by the record and is free of legal error. Our standard of review of a PCRA court's legal conclusions is *de novo*." **Commonwealth v. Cousar**, 154 A.3d 287, 296 (Pa. 2017) (citations omitted).

Appellant's substantive claim is that his plea counsel provided ineffective assistance, based on the United States Supreme Court's decision in **Padilla v. Kentucky**, 559 U.S. 356 (2010), because he misadvised Appellant as to his possible risk of deportation arising from his guilty plea. In **Padilla**, which was decided more than five years before the plea hearing in this case, the High Court held that counsel must inform a noncitizen defendant as to whether a plea carries a risk of deportation. **Id.** at 1483. Moreover, the Supreme Court noted that, where the deportation consequence of the plea is truly clear, "the duty to give correct advice is equally clear." **Id.**; **see, e.g., Commonwealth v. Velazquez**, 216 A.3d 1146, 1151-52 (Pa. Super. 2019) (holding that plea counsel's incorrect advice concerning a defendant's risk of deportation constituted ineffective assistance of counsel). The rule in **Padilla** effectively abrogated Pennsylvania's longstanding rule expressed in **Commonwealth v. Frometa**, 555 A.2d 92 (Pa. 1989), that counsel may not

be held ineffective for failing to inform a client of the collateral consequences of deportation as a result of a guilty plea.

Appellant could only seek review of his ineffective assistance of counsel claim under *Padilla* by presenting it in a petition filed pursuant to the PCRA. *See* 42 Pa.C.S. § 9542 ("The action established in this [PCRA] subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis."); 42 Pa.C.S. § 9543(a)(2)(ii)-(iii) (listing claims of ineffective assistance of counsel and lawful inducement of guilty pleas among the claims cognizable in a PCRA petition); *Commonwealth v. Hall*, 771 A.2d 1232, 1235 (Pa. 2001) (noting that the plain language in Section 9542 "demonstrates quite clearly that the General Assembly intended that claims that **could** be brought under the PCRA **must** be brought under that Act.") (emphasis in original); *see, e.g., Commonwealth ex rel. Dadario v. Goldberg*, 773 A.2d 126, 131 (Pa. 2001) (claims of ineffective assistance of counsel during the plea bargaining process are cognizable under the PCRA and a defendant cannot use a *habeas corpus* petition to obtain review of them). Because his claim was cognizable under the PCRA, it could not be pursued via a writ of *habeas corpus* or a writ of *coram nobis*. *See Commonwealth v. Descardes*, 136 A.3d 493, 503 (Pa. 2016) (holding that Descardes was not entitled to seek review of an ineffective assistance of counsel claim via a petition for writ of *coram nobis* because the claim could have been raised under the PCRA); *Commonwealth v. Turner*,

80 A.3d 754, 770 (Pa. 2013) ("Because Petitioner alleged claims of ineffective assistance of counsel, her claims were cognizable under the PCRA and the writ of *habeas corpus* was not available.").

Here, Appellant did not pursue his ***Padilla*** claim in a PCRA petition until after deportation proceedings were initiated against him, long after he had finished serving his probationary sentence.[5]  In these circumstances, the PCRA court properly concluded that Appellant was ineligible for relief under the PCRA.  Section 9543(a)(1)(i) sets forth the eligibility requirements, in relevant part, as follows:

> (a) **General rule.** – To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
>> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is ***at the time relief is granted***:
>>
>>> (i)   currently serving a sentence of imprisonment, probation or parole for the crime;
>>>
>>> (ii)  awaiting execution of a sentence of death for the crime;
>>>
>>> (iii)  serving a sentence which must expire before the person may commence the disputed sentence; or
>>>
>>> (iv)   has completed a sentence of imprisonment, probation or parole for the crime and is seeking relief based upon DNA evidence obtained under section 9543.1(d) (relating to postconviction DNA testing).

---

[5] At the latest, Appellant finished serving his 364-day concurrent probationary judgments of sentence on October 25, 2016.  He filed the instant PCRA petition on May 9, 2022.

...

42 Pa.C.S. § 9543(a)(1)(i)-(iv) (emphasis added). The latter three subsections of Section 9543(a)(1) are not applicable in this case and there is no dispute that Appellant has finished serving his sentence. Where Appellant is no longer serving any sentence in this case, the eligibility provision of the PCRA and our controlling case law provides that he is ineligible for PCRA relief:

> Here, the denial of relief for a petition who has finished serving his sentence is required by the plain language of the statute. To be eligible for relief a petitioner must be *currently* serving a sentence of imprisonment, probation or parole. To grant relief when appellant is *not* currently serving such a sentence would be to ignore the language of the statute.

*Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997) (emphasis in original).

We find that the PCRA court properly dismissed Appellant's post-conviction petition where he was ineligible for relief under PCRA due to the statutory requirement that a PCRA petitioner be currently serving a sentence of imprisonment, probation, or parole. *See Descardes*, *supra*, 136 A.3d at 503 (holding that a defendant's petition styled as a petition for writ of *coram nobis* that raised an ineffective assistance of counsel claim pursuant to *Padilla* should have been dismissed because the defendant had finished serving his one-year probation sentence before filing his petition); *see also Commonwealth v. Cardenas-Torres*, 2022 WL 6640652, **4 (Pa. Super., filed Oct. 11, 2022) ("Here, like *Descardes*, Appellant is ineligible for relief

- 10 -

under the PCRA because he completed his sentence even though he raised a *Padilla* claim.") (unpublished opinion cited for its persuasive value); *Commonwealth v. Pratt*, 2021 WL 4551595, *4 (Pa. Super., filed Oct. 5, 2021) (holding that Pratt was ineligible for PCRA relief where he was no longer serving a sentence and noting that, because of the ineligibility for relief, this Court need not address the merits of his claims of ineffective assistance of counsel and an applicable PCRA time-bar exception based on *Padilla*) (unpublished opinion cited for its persuasive value). Accordingly, we affirm.[6]

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/30/2023

---

[6] While the PCRA court alternatively determined that Appellant's petition was untimely filed, and Appellant failed to prove the applicability of any of the time for filing exceptions to the PCRA time-bar, we decline to address the timeliness of his petition both because we agree that he is statutorily ineligible for relief and he does not raise any arguments for the application of a time-bar exception in his brief. *See Commonwealth v. Kirwan*, 221 A.3d 196, 199 n.9 (Pa. Super. 2019) ("Nevertheless, because we agree Kirwan is statutorily ineligible for relief, we decline to address the timeliness of his [PCRA] petition.").