J-S05045-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERREL NOAKS | : | |
| | : | |
| Appellant | : | No. 719 WDA 2023 |

Appeal from the PCRA Order Entered May 15, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0013737-2011

BEFORE:  PANELLA, P.J.E., KING, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED: FEBRUARY 29, 2024**

Appellant, Terrell Noaks, appeals *pro se* from the post-conviction court's May 15, 2023 order dismissing, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The facts of Appellant's underlying convictions are not pertinent to his instant appeal.  The PCRA court summarized the procedural history of his case, as follows:

> On February 4, 2014, a jury convicted Appellant … of third-degree murder and firearms not to be carried without a license [relating to the death of Antwan Leake].[1]  The Superior Court of Pennsylvania affirmed the judgement [*sic*] of sentence on August 25, 2017.  [**Commonwealth v. Noaks**, 175 A.3d 1116 (Pa. Super. 2017) (unpublished memorandum).]  The Supreme Court of Pennsylvania denied the petition for allowance of appeal on December 27, 2017.  [**Commonwealth v. Noaks**, 176 A.3d 858 (Pa. 2017).]

> ¹ Co-defendant Jared Cager, CP-02-CR-13713-2011, was convicted of similar offenses….
>
> On June 27, 2018, Appellant filed a PCRA petition. This court appointed counsel[,] who filed a "no merit" letter on November 26, 2018.[1] This court dismissed the PCRA [petition] without a hearing on February 6, 2019. On May 28, 2020, the Superior Court of Pennsylvania affirmed this court's order dismissing the PCRA [petition]. [**See Commonwealth v. Noaks**, 236 A.3d 1063 (Pa. Super. 2020) (unpublished memorandum).]
>
> While [that] appeal was pending, Appellant filed a second[, *pro se*] PCRA [petition] on February 18, 2020. Appellant retained counsel on December 16, 2021, who ultimately withdrew on July 25, 2022. Counsel did not adopt or amend the *pro se* PCRA [petition]. Appellant did not refile or amend his PCRA [petition]. Instead, Appellant filed a motion for counsel[,] which this court denied on October 26, 2022, and a "Request for Self Representation" on February 14, 2023. This court ordered the Commonwealth to respond, and the Commonwealth complied by filing an Answer on April 10, 2023. This court issued a [Pa.R.Crim.P. 907] notice of [its] intent to dismiss the PCRA [petition] on April 12, 2023. On May 15, 2023, this court dismissed the second PCRA [petition on the basis that it was untimely filed]. Appellant filed a [timely, *pro se*] notice of appeal on June 20, 2023, and a [Pa.R.A.P. 1925(b)] concise statement [of errors complained of on appeal] on August 3, 2023.

PCRA Court Opinion (PCO), 10/24/23, at 2-3 (unnecessary capitalization omitted). The PCRA court filed its Rule 1925(a) opinion on October 24, 2023, in which it now indicates that it should have quashed Appellant's petition because he filed it while his appeal from the denial of his first petition was still pending, which we discuss further *infra*. **See** PCO at 3.

---

¹ **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) (setting forth the procedure for counsel to withdraw from representing a PCRA petitioner, including counsel's filing of a 'no merit' letter detailing why the petitioner's claims lack merit).

J-S05045-24

Herein, Appellant states one issue for our review: "Did the PCRA [c]ourt err in dismissing … Appellant's PCRA petition as untimely when he clearly met the timeliness exceptions provided by [42 Pa.C.S. §] 9545(b)(1)(ii)?" Appellant's Brief at 1.

Appellant contends that he has met the newly-discovered-fact exception to the PCRA's one-year time-bar based on a letter he received from the District Attorney's Office, dated September 9, 2019, which included a statement from a witness named Clayton McCray.  In his statement, McCray claimed that another individual, who is now deceased, had confessed to him that he had shot and killed the victim, Antwan Leake.  Appellant insists that he "could not have ascertained the information provided by [] McCray through the exercise of due diligence[,]" Appellant's Brief at 3, and that he timely-filed his PCRA petition within one year of the date he discovered McCray's statement, as required by 42 Pa.C.S. § 9545(b)(2), *id.* at 2.  Thus, he concludes that the PCRA court erred by dismissing his petition as untimely.

Before we can review Appellant's issue, we must address the PCRA court's conclusion that it should have quashed Appellant's PCRA petition, rather than dismissing it as untimely.  *See* PCO at 3.  The court reasons that it "had no jurisdiction to provide Appellant relief" because Appellant filed the instant petition while his appeal from the denial of his first, timely petition was still pending.  *Id.*  The Commonwealth agrees with the PCRA court, cogently explaining:

- 3 -

"Pennsylvania law makes clear the trial court has no jurisdiction to consider a subsequent PCRA petition while an appeal from the denial of the petitioner's prior PCRA petition in the same case is still pending on appeal." *Commonwealth v. Beatty*, 207 A.3d 957, 961 (Pa. Super. 2019), *appeal denied*, 218 A.2d 850 (Pa. 2019), citing *Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000)[,] and *Commonwealth v. Montgomery*, 181 A.3d 359, 364 (Pa. Super. 2018) (*en banc*), *appeal denied*, 190 A.3d 1134 (Pa. 2018). Furthermore,

[a] petitioner must choose either to appeal from the order denying his prior PCRA petition or to file a new PCRA petition; the petitioner cannot do both … because "prevailing law requires that the subsequent petition must give way to a pending appeal from the order denying a prior petition." In other words, a petitioner who files an appeal from an order denying his prior PCRA petition must withdraw the appeal before he can pursue a subsequent PCRA petition. If the petitioner pursues the pending appeal, then the PCRA court is required under *Lark* to dismiss any subsequent PCRA petitions filed while that appeal is pending.

*Id.* (citations omitted) (emphasis in original). "Since this rule is one of jurisdictional magnitude, this Court has held that PCRA filings advanced in violation of *Lark* are legal nullities." *Commonwealth v. Belle*, 2022 WL 17087536 *2 (Pa. Super., November 21, 2022) (unpublished [memorandum]),[13] *appeal denied*, 304, A.3d 328 (Pa.[] Sept[.] 12, 2023) (table) (citing unpublished cases).

[13] Although unpublished and therefore non-precedential, Pa.R.A.P. 126(b)(2) allows citation to non-precedential cases as persuasive authority for decisions filed after May 1, 2019. *See Commonwealth v. Kirwan*, 221 A.3d 196, 200 n. 11 (Pa. Super. 2019). Thus, while this Court is not bound by *Belle*, it can be considered persuasive.

Thus, upon receiving the [September 9, 2019] letter from the District Attorney's Office, [A]ppellant had the choice of either withdrawing the appeal of his first PCRA petition and filing a subsequent petition citing the statement as a newly-discovered fact, or continuing with the appeal of the first petition. There is no question that [A]ppellant continued with the appeal of his first petition. Consequently, the post-conviction court was without jurisdiction to address the February 18, 2020 petition and should

have immediately dismissed it as a legal nullity. ***Beatty, supra***, 207 A.3d at 964. ***See also Commonwealth v. Patton***, 2020 WL 6708229[, at] *3 (Pa. Super. Nov[.] 16, 2020) (unpublished [memorandum]) ([finding that the] post-conviction court lacked jurisdiction over [the] petitioner's third PCRA petition because he filed it while his appeal from the denial of his second petition remained pending).

Commonwealth's Brief at 8-10.

Based on our review of the legal authority cited by the Commonwealth, we agree with the PCRA court and the Commonwealth that the court was without jurisdiction to rule on Appellant's February 18, 2020 petition, as it was filed during the pendency of his appeal from the denial of his first petition. Accordingly, we affirm the PCRA court's order dismissing Appellant's petition.[2,3]

Order affirmed.

_____

[2] As stated *supra*, the PCRA court dismissed Appellant's petition on the basis that it was untimely, only raising for the first time in its Rule 1925(a) opinion that it should have quashed Appellant's petition for lack of jurisdiction. Nevertheless, we "may affirm a PCRA court's order on any legal basis." ***Commonwealth v. Parker***, 249 A.3d 590, 595 (Pa. Super. 2021).

[3] We observe that Appellant filed another, *pro se* PCRA petition on April 30, 2020, which was after this Court affirmed the denial of his first petition on April 17, 2020. Therein, Appellant raises the same, newly-discovered-fact claim that he raised in the instant petition. It does not appear that the PCRA court has ruled on the April 30, 2020 petition. Moreover, the fact that Appellant's April 30, 2020 petition was filed during the litigation of the instant, February 18, 2020 petition would not appear to render the April 30th petition a legal nullity, as the February 18th petition was itself a legal nullity that should not have been litigated but, instead, immediately dismissed. Given that our decision herein ends Appellant's appeal from the denial of the February 18, 2020 petition, the PCRA court can now proceed to ruling on his April 30, 2020 petition.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

FILED: <u>2/29/2024</u>